## REMINE MEMORIAL CO. v. CREAMER.

Eastern Section. July, 1932.

Petition for Certiorari denied by Supreme Court, 1932.

G. N. Barnes, B. B. Snipes, and J. D. Depew, all of Johnson City, for plaintiff in error.

M. E. Cantor and S. W. Price, both of Johnson City, for defendant in error.

SNODGRASS, J.  W. F. Creamer obtained a judgment upon an account against the Remine Memorial Company in the sum of $1,145.79; the same being entered upon the verdict of a jury which were the triers of the facts of the case.

A motion for a new trial was entered by the defendant, with the results indicated by the judgment of the court that was entered thereon as follows:

"This cause came on to be heard before the Honorable D. A. Vines, Judge, on this the 12th day of March, 1931, upon the motion for a new trial filed herein by the defendant, and after due and

proper consideration of the matters involved therein, the Court is of the opinion that the grounds of said motion with respect to the liability of the defendant are not well taken, and that the same should be overruled. However, there being some doubt as to the correctness of the amount of the judgment entered herein, same involving an accounting, the court orders a reference to the clerk to hear proof that may be offered within thirty days, and from which the Clerk shall report the correct amount for which the judgment should be entered. The Defendant's motion is sustained to this limited extent. And as to the rights of the parties with respect to the liability of the defendant being final, an appeal will lie at this time.

"And the parties each except to the action of the Court in so far as the same may be prejudicial to their rights and interests; the plaintiff to the action of the Court in granting a reference, and the defendant to the action of the Court in holding that there is any liability against the defendant.

"And the defendant herein prays an appeal to the next term of the Court of Appeals, at Knoxville, Tennessee, and which said appeal is granted upon the defendant's executing a bond as required by law in such cases and filing the same with the Clerk of this court within thirty days from this date; and upon satisfactory reasons appearing to the Court, the Defendant is granted forty-five days from and after this date, within which time to have its bill of exceptions prepared and approved, which when approved by the Court and filed with the Clerk shall become a part of the record in the cause upon appeal.

"The plaintiff excepting to the reference to the Clerk is allowed to prepare and file a wayside bill of exceptions."

The bond indicated was executed, and what was denominated a wayside bill of exceptions was filed within the time.

But, notwithstanding the status indicated by the foregoing recital of the record, the reference provided for was executed and a report thereon made to the next or June term, which found a sum somewhat in excess of the amount returned by the verdict of the jury, and, although the finding was concurred in by the court upon the hearing on the exceptions filed to the report, the amount embodied in the judgment was cut to the same sum that was returned by the jury for which judgment was rendered by the court when the defendant again entered a motion for a new trial, and, upon the same being overruled by the court, an appeal was prayed for and perfected by the defendant and another bill of exceptions filed.

It seems that the filing of the record was delayed until after the confirmation of these latter proceedings, when the entire proceedings and record were filed in this court on August 28, 1931.

The case was first dismissed on motion, but, upon petition and supplemental record correcting the defect filed as upon the suggestion of a diminution, the case was restored to the docket and then passed in on briefs.

Appellant's assignment of errors is as follows:

"1st. The Court erred in finding that the plaintiff ever did work for the Defendant, Remine Memorial Company, Inc.

"2nd. The Court erred in not finding that Creamer failed and refused to file his claim, if any, with the Administrator and it was barred when suit was brought.

"3rd. The Court erred in finding that plaintiff collected only a part of his salary each week and left the balance in their hands and allowed it to accumulate. There is no proof to sustain this contention. The nearest approach to it is found in the proof taken on the reference in response to a leading and suggestive question.

"4th. The Court erred in finding that there had been an audit of the books (Exhibit No. 2 to Creamer) by defendant or any one authorized to do so by the Defendant, and or that any agreement to pay the alleged debt was signed by the Defendant, Remine Memorial Company, Inc., or any one else who may be a defendant to this suit, so as to bind Defendant and make them liable for the alleged debt.

"5th. The Court erred in computing the time and rate.

"5th? (6th). The Court erred in finding that the Remine Memorial Company, Inc., assumed this alleged debt. Nothing was carried over into the corporation except the running accounts and Creamer had not worked for the Remines for three years before the corporation was formed. He quit in 1927 and the corporation was formed in 1930.

"6th? (7th). The Court erred in permitting any proof of this alleged debt after July 1, 1922, which is two years and six months after Jas. B. Remine, Admr., received his letters testamentary as relied on in the pleadings. It was not a running account after the death of W. C. Remine.

"7th? (8th). The Court erred in not sustaining the contentions of the Defendant that the alleged debt or account was barred by the Statute of limitations.

"8th? (9th). The Court further erred in holding that the alleged claim having been barred by the Statute of limitations against the estate of W. C. Remine, Deceased, after July 1, 1922, being two years and six months after the administrator received his letters testamentary and after he settled with the County Court on July 6, 1922, and received his discharge, could be revived against the partnership, and later against the corporation formed in 1930, three years after Creamer quit work for the partnership, or the Remine

Heirs, without any ratification on the part of the official of the corporation.

"9th? (10th). The Court erred in holding that the supposed revival, on the part of the bookkeeper, of the account, was an assumption of the account by the Corporation as it was not signed by the corporation or anyone authorized to do so. Which was void under the Statute of Frauds and perjuries.

"10th? (11th). The Honorable Court erred in his charge to the jury in that portion of the Charge consisting in the statement of the court to the jury of certain admissions by the defendant and which statement and charge of the Court were broader than the admissions and statements made by the defendants and its attorney. The Court further erred in treating the matter as being a 'Stated account,' instead of treating it and referring 'That as an effort on the part of the plaintiff to have the court construe it as a stated account and one which was assumed by the defendants, when it was clearly barred by the Statute of Limitations. In this connection the court erred in stating to the jury that James B. Remine was a defendant to the suit.' "

Then as alleged errors of law it is stated that:

"The Honorable Court erred in not sustaining the statute of limitations as to all of this alleged debt."

And that:

"The Court erred in not sustaining the plea of the Statute of Frauds and perjuries."

And that:

"The Court erred in not sustaining the exceptions to the Clerk's report."

It is proper to say that, in addition to the motion to dismiss the appeal, heretofore referred to, defendant in error filed a second motion to dismiss the appeal because the assignment of errors was not filed within twenty-five days next after the transcript of the record as required by rule 11 of this court, and next to dismiss appeal because it is alleged the assignment of errors fails to comply with section 2 of rule 11 of this court, in that it fails to specifically show wherein the action of the trial court complained of is erroneous and how it prejudiced the rights of appellant. It is insisted that it fails to give references to pages of the record where the rulings of the court on the matters claimed to be erroneous appear, that it fails to point out the errors complained of with reference to the ruling of the clerk of the law court on the reference had in this case, and fails to set out the ruling thereon so that said matters may plainly appear, and that it fails to state as to whether or not the matters found by the clerk were questions of fact, and, if so, whether the court concurred in same, as required by section 3 of rule 11 of the court.

It is insisted that the alleged purported brief and assignment of errors fails to state concisely and specifically the proposition of law and fact without argument or elaboration relied upon by the plaintiff in error to sustain the special errors assigned for a reversal of the trial court as is required by rule 12 of this court, and that there are not citations of the record which are supposed to sustain the contentions of the plaintiff in error; that the purported brief and assignment of errors is not such in law, etc.

The record appears to have been filed August 28, 1931, while the assignment was filed in September following, but the date in September is now so illegible that you cannot be sure whether it was the 3d or the 22d. At least it was filed before any motion was made challenging the delinquency; the motion being filed on October 1, 1931. And, as it is purely technical, the lack of diligence in not filing it while in default is regarded as sufficient ground for overruling it, which we do.

The other grounds urged to dismiss the appeal and affirm the judgment are somewhat in the nature of a general criticism of the assignment and brief which we shall reserve for judgment in the particular disposition of the assignments when considered. Remarking, however, that while in the entire statement of the case there is only one specific reference to the record, and that is as to the perfecting of the appeal, being the page where the bond is filed, there are references under specific assignments, but no assignment, however, is to the effect that there is no evidence to support the verdict which in itself would necessitate an examination of the entire record.

To begin with, the record absolutely fails to show any warrant of authority for the action of the court in partially sustaining the verdict of the jury as to their finding of a liability, but, disregarding the finding of the jury as to the amount of the liability, sustaining the motion in that regard, and taking the matter away from that or any future jury and referring it to the clerk to perform their functions in that regard, thus usurping their prerogative; for the finding of the amount of the liability was as much their duty and prerogative as any other fact in the case. Hence we think that the proceedings subsequent to the setting aside of the jury's verdict as to the amount and the reference and report of the clerk and all proceedings thereon were coram non judice and void.

However, exception was taken to his action and an appeal prayed for and granted and the appeal perfected to this court at the time without any postponement, which, if valid, had the effect, we think, of depriving that court of jurisdiction until it was returned to it in some jurisdictional way. But we think the appeal was unau-

thorized at that time. Payne v. Satterfield, 6 Cates (114 Tenn.), 58, 84 S. W., 800.

We are of opinion therefore that the case must be disposed of on the record and appeal made from the first trial, and the assignments as they may be found to relate thereto.

As stated, there is no assignment to the effect that there is no evidence to support the verdict.

As appears, this suit is by declaration on account and sues the corporation for a specific sum.

The first count sues for $1,311.86, as alleged upon a stated and settled account for services rendered as a stone cutter, letterer, finisher, carver, and tracer, claiming that, after the account was settled, $30 was paid thereon, leaving the account $1,311.86.

The second count avers that the defendant assumed and agreed to pay the account and did pay divers and sundry sums down to and including May 31, 1930.

The third count avers that defendant is indebted in said sum of $1,311.86, with interest, with a credit of $30.

The pleas which put in issue the allegations of the declaration claimed plaintiff owed it in the sum of $136.07 as an overpayment of what was due, pleaded the statute of limitations and the Statute of Frauds and perjury against liability.

In this attitude of the case we take up the first assignment of error, regarding which we think it is insufficient.

It may be true that the court erred in finding that the defendant in error did any work for the plaintiff in error, but it would not follow from this that defendant was not liable on the account, for, as claimed in one count, the defendant below or plaintiff in error may have assumed to pay the account or for work done for someone else and that the liability arose in this way. Therefore this assignment does not negative the liability of the plaintiff in error, and without more the presumption in favor of the correctness of the judgment would support it.

The same can be said of the second assignment that, notwithstanding defendant in error may have failed and refused to file his claim against the administrator of someone first liable, it would not follow from this that the party sued could not have made itself liable for the account.

The same can be said of the third assignment. It would not follow that a liability for the sum mentioned did not exist even though it be true that defendant in error did not leave in the hands of his employer each week a part of the same to accumulate.

It does not appear from the fourth assignment that it was material to a liability to find that there had been an audit of the books or that any agreement to pay the alleged debt was signed by the defendant, which may have made itself liable in some other way.

The fifth assignment, that the court erred in computing the time and rate, evidently refers to the disposition on the reference, but in any event it is too general. There may have been other evidence, direct or indirect, upon the same subject other than that cited.

The next assignment is again cited as the fifth and to the effect that "The Court erred in finding that the Remine Memorial Company, Inc., assumed this alleged debt." As a reason for this, it is stated that:

"Nothing was carried over into the corporation except the running accounts, and Creamer had not worked for the Remines for three years before the corporation was formed," that "he quit in 1927 and that the corporation was formed in 1930."

Under this assignment the citation is as follows:

"See the entire record, especially deposition of Henson, Bess Remine, Burleson, Mrs. Shanks, James B. Remine, in both the jury trial and on the reference."

This is too much of a burden to place upon the court to search out for itself an abstract insistence that may or may not be material if verified. The account may have been assumed even though defendant in error had not worked for any of the parties for three years.

The sixth assignment is not in accordance with the rules. No evidence that was admitted appears to have been excepted to or quoted, nor is there any citation of the record in this or any of the remaining assignments save the tenth, which cites the motion for a new trial on page 21 of the transcript, which is not evidence to impeach the charge, that should have itself been cited to show any alleged error therein committed.

In the assignment denominted as error of law:

It is again insisted that "the court below erred in not sustaining the Statute of limitations as to all this alleged debt," and "in not sustaining the exceptions to the Clerk's report," citing only the exceptions.

We are of opinion that all the assignments indicated as not complying with the rules as indicated should be and the same are overruled. Those based upon the reference are likewise immaterial; the others being regarded as insufficient when considered and analyzed in connection with a presumption as to the correctness of the verdict that obtains in trials of courts of record.

Notwithstanding we hold that the assignments are insufficient to overturn the verdict of the jury, we think it is manifest from the record that the court had no power to divide up the verdict as he did and take the case entirely from a jury and refer it to the clerk as he did. But, expressing a dissatisfaction with their verdict involving a matter entirely within their province, he had no other power, and it was his duty in setting aside their verdict to remand

the case for trial before another jury whose unforfeited province it is to determine the facts. Without regard to our opinion on the assignments, this is sufficient to reverse the case in any event.

Doing what should have been done, the case is therefore reversed and remanded for a new trial.

The costs of this court will be equally divided and adjudged against the parties and their sureties, where there is such; the remaining costs will abide the further determination of the case.

Portrum and Thompson, JJ., concur.