15016

HOLLOMAN v. LIFE INS. CO. OF VIRGINIA

(7 S. E. (2d), 169)

November, 1939.

*Messrs. McEachin & Townsend,* for appellant,

*Messrs. Willcox, Hardee & Wallace,* for respondent,

February 13, 1940.

The opinion of the Court was delivered by MR. L. D. LIDE, ACTING ASSOCIATE JUSTICE.

The complaint herein alleges that the defendant insurance company solicited the plaintiff to allow her son, Roy Holloman, to take out a policy of insurance on her life, but that

she refused to have the policy issued, stating to defendant's agent that she had sufficient insurance and did not wish other policies issued; and that upon her definite refusal to have the policy issued or to sign an application therefor defendant's agent immediately went to plaintiff's son and falsely informed him that she had in fact signed an application for a policy and had consented to its being issued with him as beneficiary; whereupon her son, Roy Holloman, agreed to take out such a policy, which was accordingly issued upon the life of plaintiff in the sum of $200.00, he being the beneficiary thereof; and that the action of defendant in issuing such policy was in furtherance of a fraudulent scheme and design detrimental to plaintiff. It is further alleged that the policy was held by her son for some time before the plaintiff discovered its issuance, but upon such discovery, she informed him that she had forbidden the issuance of the policy and directed him to drop it. It is further alleged that by reason of the facts above stated the plaintiff was damaged in the sum of $3,000.00.

The defendant demurred to the complaint, in that, it fails to state facts sufficient to constitute a cause of action; and the demurrer was sustained by Judge Dennis, the cause coming before us upon plaintiff's appeal from his order.

There are five exceptions raising, as set forth in appellant's brief, three questions, all of which will be briefly discussed.

"Question 1. Does the complaint allege a cause of action for fraud and deceit in securing a speculative insurance contract?"

It seems to us that the most casual reading of the complaint will show that if any cause of action for fraud and deceit is therein stated, or even suggested, it is not one in favor of the plaintiff; for the alleged false representation was not made to plaintiff but to her son. Moreover, there is no allegation of any of the other material elements of fraud and deceit, such as, that the plaintiff relied on an alleged false representation and acted thereon

to her damage. The case of *Cook v. Metropolitan Life Ins. Co.,* 186 S. C., 77, 194 S. E., 636, cited by appellant, well states the necessary elements in a suit against an insurance company for actionable fraud; and by comparison with the complaint herein demonstrates its insufficiency in this respect.

The next question we take up for consideration is: "Question III. Does exposure to the dangers of speculative insurance entitle the plaintiff to damages?"

While the point does not appear to have ever come before this Court, the authorities generally are to the effect that except in the case of an infant a policy of life insurance taken out without the knowledge or consent of the insured person is not enforceable; at least, in the absence of waiver or estoppel. 14 R. C. L., 889; *Life Insurance Clearing Co. v. O'Neill,* 3 Cir., 106 F., 800, 54 L. R. A., 225. We have not found any authority, however, for the view that the issuance of a policy of life insurance without the consent of the insured would give rise to a cause of action in tort in favor of the insured person. But even if this might be true under some exceptional circumstances, we find nothing in the complaint here from which damages to the plaintiff could be inferred. It is stated in the order of Judge Dennis: "The policy was subsequently at her insistence cancelled and surrendered and is not now in force." While there is no direct allegation to that effect in the complaint, no exception is made to the order on this point; hence we may assume that this is admittedly correct. How then could the plaintiff have possibly sustained any injury? Conceding that it was morally wrong for the respondent's agent to misrepresent to her son the facts as to plaintiff's attitude in regard to the insurance, it does not follow that there was any legal wrong committed against her, but rather that this is a case of *damnum absque injuria.*

But perhaps the real point raised by appellant is that the fact of the issuance of the policy without her consent had the effect of exposing her to the dangers of speculative in-

surance. We assume that counsel have in mind the attitude of the law towards speculative or wagering contracts of insurance, but that doctrine is not apposite here, because a son has an insurable interest in the life of his mother from the mere fact of such relationship. *Crosswell v. Association,* 51 S. C., 103, 28 S. E., 200. Nor can we conceive, in the absence of direct allegations of fact (not conclusions of law) tending so to show, that a policy of insurance taken out by a son on the life of his mother in the sum of $200.00 would expose her to dangers of any kind.

Possibly, however, the most interesting question raised by this appeal is appellant's: "Question II. Does the invasion of privacy by a commercial use of plaintiff's name against her consent entitle plaintiff to damages?"

The right of privacy is one which was not definitely recognized by the law until comparatively recent times. But we find ourselves in agreement with a number of authorities to the effect that the violation of such a right is under certain circumstances a tort which would entitle the injured person to recover damages. But the right of privacy is correctly defined in 21 R. C. L., 1196, as "the right to be let alone; the right of a person to be free from unwarranted publicity". Or more specifically but less accurately, "the right to live without one's name, picture or statue, or that of a relative, made public against his will".

Applying these definitions to the allegations in the case at bar, how can it reasonably be said that the issuance of a $200.00 life insurance policy was an invasion of privacy or a commercial use of plaintiff's name? Has she thereby been subjected to unwarranted publicity, or indeed publicity of any kind? On the contrary, the issuance of a small life insurance policy seems to fall far short of publicity.

The North Carolina case of *Flake v. Greensboro News Co.,* 212 N. C., 780, 195 S. E., 55, cited by counsel for appellant, is really a good illustration of the limitation upon the right of privacy. There the plaintiff's picture was published in a newspaper without her consent, and the court

held that this would give rise to a cause of action in. her favor in certain circumstances only, such as, where her photograph was to be used for commercial advertising purposes.

We do not consider the law a closed system, but on the contrary it is our view that its concepts should expand to meet changing conditions arising in the course of human experience. At the same time, we are unable to find in this complaint facts sufficient to constitute a cause of action under the most liberal and forward-looking construction of the prevailing principles of law. We think the order of Judge Dennis is correct, and it is accordingly affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.