[Civ. No. 17264. Second Dist., Div. Two. Nov. 18, 1949.]

SAMUEL S. COHEN, Appellant, v. JULIUS ''GROUCHO'' MARX et al., Respondents.

Moidel, Moidel, Moidel & Smith and Isadore Moidel for Appellant.

Lillick, Geary & McHose, William A. C. Roethke and Robert B. Stillman for Respondents.

McCOMB, J.—From a judgment in favor of defendants predicated upon the sustaining of their demurrer without leave to amend in an action to recover damages for alleged invasion of plaintiff's right of privacy, plaintiff appeals.

The essential allegations of plaintiff's complaint as amended were that:

In 1933, he had entered the prize ring as a professional boxer under the name of "Canvasback Cohen"; that he continued this ring career, losing decisions, until about 1939, when he abandoned the prize ring as a career; that on January 12, 1949, defendant Groucho Marx broadcast over a program of the defendant American Broadcast Company on its program "You Bet Your Life," "I once managed a prize-fighter, Canvasback Cohen. I brought him out here, he got knocked out, and I made him walk back to Cleveland."

The sole question presented for our determination is: *Did plaintiff, by entering the prize ring, seeking publicity, and becoming widely known as a prize fighter under the name of "Canvasback Cohen" waive his right to privacy?*

This question must be answered in the affirmative. A person who by his accomplishments, fame, or mode of life, or by adopting a profession or calling which gives the public a legitimate interest in his doings, affairs, or character, is said to become a public personage, and thereby relinquishes a part of his right of privacy. (*Metter* v. *Los Angeles Examiner*, 35 Cal.App.2d 304, 312 [95 P.2d 491]; *Sidis* v. *F-R Pub. Corp.*, (Circuit Court of Appeals, Second Circuit) 113 F.2d 806, 809.)

Applying the foregoing rule to the facts in the present case it is evident that when plaintiff sought publicity and the adulation of the public, he relinquished his right to privacy on matters pertaining to his professional activity, and he could not at his will and whim draw himself like a snail into his shell and hold others liable for commenting upon the acts which had taken place when he had voluntarily exposed himself to the public eye. As to such acts he had waived his right of privacy and he could not at some subsequent period rescind his waiver.

In view of the foregoing rule and the facts as alleged in the amended complaint, the pleading did not state a cause of action and the trial judge properly sustained a demurrer thereto without leave to amend.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 16, 1950.