RYDER TRUCK RENTAL, INC., Plaintiff in Error,

*v.*

EDSEL PHIPPS, and ROWDY WARD, Defendants in Error.

374 S. W. 2d 402

(*Knoxville*, September Term, 1963.)

Opinion filed January 8, 1964.

WILLIAM H. CATE, Kingsport, for plaintiff in error.

MILLIGAN, SILVERS & COLEMAN, Greeneville, TOM H. ROGAN, Rogersville, for defendants in error.

MR. JUSTICE WHITE delivered the opinion of the Court.

On August 16, 1960 a truck owned by plaintiff in error, (plaintiff below) Ryder Truck Rental, Inc., and operated by an agent of Colonial Refrigerated Transportation, Inc., collided with an automobile owned by defendant Edsel Phipps (a passenger in his car at the time), and driven by the defendant Rowdy Ward.

On May 18, 1961, Mr. Phipps filed a damage suit in the Hawkins County Circuit Court for his personal injuries and property damage resulting from said accident. Ryder Truck Rental, Inc. and Colonial Refrigerated Transportation, Inc., were the parties defendant.

Pursuant to a petition filed by the defendants therein on June 9, 1961 alleging the proper jurisdictional amount and diversity of citizenship, the cause was removed to the Federal District Court for the Eastern District of Tennessee. There, on June 15, 1961, the defendant, Ryder Truck Rental, Inc., filed an individual amended answer which denied that the driver of the truck was in any way its agent, servant, or employee, and denied that the truck was being driven on its business.

Thereafter, on September 26, 1961, the plaintiff there, Edsel Phipps (a defendant in the instant case), took a voluntary non-suit without prejudice as to the defendant Ryder Truck Rental, Inc. (plaintiff in the instant case). Mr. Phipps then pursued his claim against the remaining defendant, Colonial Refrigerated Transportation, Inc., and was awarded a judgment against this remaining defendant on January 4, 1962. Said judgment made no mention of Ryder Truck Rental, Inc., nor did it indicate that it was anything but an individual judgment against Colonial Refrigerated Transportation, Inc.

In the present suit plaintiff, Ryder Truck Rental, Inc., seeks damages in the sum of $10,500.00 from defendants, Edsel Phipps and Rowdy Ward, for property damage to its truck as a result of that same collision. The plaintiff herein filed its declaration on January 29, 1963 in the Hawkins County Circuit Court.

On March 12, 1963 the defendants herein filed three special pleas and a general denial in response to said declaration. The plaintiff did not file a replication to the three special pleas in bar interposed by the defendants and the technical record filed on this appeal does not show any further pleading or motions on the part of

the defendants. With the pleadings in such state the cause was heard on June 24, 1963, with the result that the trial judge entered a final order sustaining the special pleas, dismissing the plaintiff's suit, and striking the same from the docket. From this action the plaintiff prayed for and was granted an appeal in the nature of a writ of error to this Court.

For several reasons set out below, the decision of the trial judge is in error.

Caruthers' History of a Lawsuit (7th ed.) at 269, says:

"If the defendant pleads the general issue and one or more special pleas, and the plaintiff's replication is defective and does not put the special pleas in issue and the defendant goes to trial with the pleadings in this state, he is held to have waived the benefit of the special pleas. In such case the defendant should 'call out' the plaintiff and have judgment against him."

See also, Caruthers' History of a Lawsuit (8th ed.) at 277-278.

On the technical record filed in this Court, there was no replication by the plaintiff and it appears that the defendants made no motion to "call out" the plaintiff. If that was the situation, the proper action for the trial judge, according to Caruthers, supra, would be to treat the special pleas as waived and to proceed to trial on the only issue left, the issue joined by the general denial filed by defendants.

If there was, in fact, a motion made by the defendants to " 'call out' the plaintiff" then the proper action of the trial judge is set out in Caruthers' History of a Lawsuit (8th ed.), at 274-275:

"The plaintiff and defendant shall, within the first two days after each subsequent step taken by the other in making up an issue, demur or plead thereto, *on penalty of having the suit dismissed.* * * * but the court *may* extend the time, in proper cases, or excuse the failure to plead in time on the party showing good cause." (Emphasis supplied.)

In any event, it was improper to sustain the three pleas in bar on the basis of the pleadings as they stood at that time. Nothing in the pleadings showed definitely the relationship between Ryder Truck Rental, Inc. and Colonial Refrigerated Transportation, Inc. All three special pleas depend, for their validity, on proof that Colonial Refrigerated Transportation, Inc., was, at the time of the collision, the operating agent of Ryder Truck Rental, Inc. If Ryder Truck Rental, Inc., was merely a bailor for hire or a lessor of the truck, then all three special pleas would be insufficient to bar Ryder's claim.

█ The first plea of the defendants was that the former judgment in the Federal District Court against Colonial "the said operating agent or lessee of the said Ryder Truck Rental, Inc.," was a bar to the present action by Ryder. Since this plea, even if confessed, does not establish the relationship between Ryder and Colonial it could not have been properly sustained without proof of the relationship.

█ The second would be equally dependent on proof of that relationship. This plea was based on Rule 13(a) of the Federal Rules of Civil Procedure. This Rule requires a defendant to plead as a counterclaim any claim which, at the time of the serving of the pleading, the pleader has against any opposing party if it arises out

of the transaction which is the subject of that opposing party's claim and does not require for its adjudication third parties of whom the court cannot acquire jurisdiction.

The theory of the defendants in the instant case is that since the plaintiff, Ryder Truck Rental, Inc., filed an answer in the former case in the Federal Court and failed to state the present claim as a counterclaim, plaintiff is, therefore, forever barred from asserting said claim even though the plaintiff in the Federal case, Edsel Phipps (a defendant in the instant case), made a motion for, and was granted, a voluntary non-suit, without prejudice, as to the defendant, Ryder Truck Rental, Inc. (the present plaintiff).

Because the plaintiff, Edsel Phipps, did not pursue the former action to judgment against Ryder, it would be necessary for the defendants to show that Colonial was Ryder's operating agent (rather than its lessor or bailor) and, therefore, that Ryder stood in the shoes of Colonial as far as the former judgment was concerned; otherwise, the plea is insufficient.

If it could not be shown under some theory that the former action was pursued to judgment against Ryder, then Rule 13(a) of the Federal Rules of Civil Procedure would not bar the instant action.

Note 7 of the Advisory Committee on the Rules states:

"If the action *proceeds to judgment* without the interposition of a counterclaim as required by subdivision (a) of this rule, the counterclaim is barred." 28 U.S.C. following Rule 13. (Emphasis supplied.)

"* * * It is only after that action proceeds to judgment that any compulsory counterclaim, arising out of

the transaction or occurrence that is the subject matter of the prior suit, will be barred. *Schott v. Colonial Baking Co.*, D.C.W.D.Ark.1953, 111 F.Supp. 13" *Bellmore Sales Corp. v. Winfield Drug Stores, Inc.*, 187 F.Supp. 161, 162 (S.D.N.Y.1960).

We have considered the policy behind Rule 13(a), supra, as set out in a recent decision of the United States Supreme Court, *Southern Construction Co. v. United States*, 371 U.S.57, 83 S.Ct. 108, 110, 9 L.Ed.2d 31 (1962), and find that under the rationale of that decision, as applied to the instant case, Rule 13(a), supra, has no application.

In the Southern case the Court said, in part:

"The requirement that counterclaims arising out of the same transaction or occurrence as the opposing party's claim 'shall' be stated in the pleadings was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters."

In the instant case it is true that Ryder could have, by filing this claim as a counterclaim in the former action, prevented Mr. Phipps from taking a non-suit and thereby have settled the matters there, but it is equally true that had Mr. Phipps not taken the voluntary non-suit against Ryder the matter would have been terminated. In addition, since Mr. Phipps took a voluntary non-suit *without prejudice,* he could have brought another suit against Ryder had he not recovered from Colonial. In such case it would be unreasonable to argue that Ryder would be barred from asserting the instant claim as a counterclaim in such action.

In the Schott case, supra, it was noted that Rule 13(a)

was very similar in nature to the theory of res judicata in that it only became effective upon a final judgment. The conclusion is inescapable that it could only be invoked after a final judgment against the same party whose claim it is plead to bar.

■ The third plea of the defendants is to the effect that an alleged settlement by Colonial, "the said operating agent or lessee" of Ryder, with the defendant Rowdy Ward acts as an admission of the non-liability of these defendants and as a release, etc., and is binding on the present plaintiff, Ryder, so as to be a bar to the present claim. It is obvious that were such a settlement, etc., to be proven it would not be binding on the plaintiff, Ryder Truck Rental, Inc., unless Colonial was proved to be the operating agent of Ryder rather than its lessee or bailee. Thus, again, proof of the true nature of the relationship is essential to a determination of the validity of the plea.

For the reasons set out above, we must sustain the assignment of error of the plaintiff in error, Ryder Truck Rental, Inc., to the effect that the trial judge erred in sustaining the three special pleas in bar.

■ One further matter of a procedural nature deserves comment. Counsel for defendants filed a motion and a brief in support thereof seeking to have this Court affirm the decree below and dismiss the appeal on the grounds that the plaintiff in error had failed to comply with the rules of this Court in not having filed the "statement to be filed on all direct appeals" (13a, Rules of this Court), his assignments of error, and a brief in support of the same prior to the time set out in the Rules of this Court.

Counsel for plaintiff in error states, in response to said motion, that he received notice from the Clerk of the Court stating that "* * * the October Session of the Supreme Court would convene at the Supreme Court Building in Knoxville, Tennessee, on Monday, October 7, 1963, at 9 :00 o'clock, A.M. Upon the basis of this notification it was the understanding of counsel for plaintiff in error that the *call* of the docket would be held on October 7, 1963 as per (such) notice * * * and that the plaintiff in error would have ten days from that date within which to file assignments of error, etc." (Emphasis supplied.)

Although counsel was not entitled to draw this conclusion, we, nevertheless, think that he did so in absolutely good faith and further, it does not appear that the defendants in error were prejudiced as the result of the failure to comply with Rule 14. As a matter of fact, there is no contention that prejudice or harm resulted from such failure.

Therefore, we conclude that counsel honestly misread Rule 14 and since no harm or prejudice has resulted therefrom, we believe that he should not be penalized by having the Rule strictly applied against him in this case. Therefore, said motion is overruled.

In the case of *Norton v. Coosa-Thatcher Co.*, 203 Tenn. 649, 315 S.W.2d 245 (1958), in an opinon written for the Court by Mr. Justice, now Chief Justice, Burnett, we said:

"When it appears to the Court that no harm can be done to the one who makes the motion to enforce the Rule, and that an injustice would be done by enforcing the Rule, then the Court should use grace and discre-

tion in administering the rule." 203 Tenn. at 658, 315 S.W.2d at 249.

For the reasons set out in our opinion, we must reverse the trial court and remand this case for further proceedings and the introduction of proof sufficient to determine the validity of the defendants' special pleas. Of course, if they are found to be invalid, the case necessarily would then be heard on its merits.

BURNETT, CHIEF JUSTICE, DYER and HOLMES, JUSTICES, and CLEMENT, SPECIAL JUSTICE, concur.