Joyce Raye Martin, Plaintiff-in-Error,

*v.*

Senators, Inc., et al., Defendants-in-Error.

418 S.W.2d 660.

(*Knoxville*, September Term, 1966.)

Opinion filed July 3, 1967.

Petition for Rehearing Denied September 18, 1967.

Robert W. Ritchie, and Wilson S. Ritchie, Knoxville, for plaintiff in error.

Wayne Parkey and Frank B. Creekmore, of counsel, Ayres, Parkey, Skaggs & Ware, Knoxville, for defendants in error.

Mr. Justice Humphreys delivered the opinion of the Court.

Joyce Raye Martin has appeal from an order sustaining defendants' demurrer to her declaration.

At the outset we must deal with a joint motion by all defendants-in-error to dismiss the appeal on certain technical grounds. The first ground is because plaintiff failed to comply with Rule 14 of this Court, in that the transcript was filed September 19, 1966 and the assignments of error and brief were filed December 23, 1966. We overrule this ground of the motion on authority of *Ryder Truck Rental Co. Inc. v. Phipps*, 213 Tenn. 465, 374 S.W.2d 402, where it was held the Court's Rule 14 would not be applied where counsel for plaintiff-in-error had honestly misunderstood or misread the rules and the Court found that he did so in good faith, and it did not appear defendants-in-error were prejudiced by failure to observe the rule.

Plaintiff-in-error's counsel has filed an affidavit, not challenged by defendants, stating that in attempting to follow our rules he consulted a copy which he subsequently found had been superseded and for this reason his failure to comply was made honestly and in good faith, and was not an intentional breach of the rules of this Court.

On this affidavit, and because there is no showing of prejudice, and because the assignments of error and brief were filed before the motion to dismiss, which under *Remine Memorial Co. v. Creamer*, 16 Tenn.App. 437, 64 S.W.2d 875, adds weight to plaintiff-in-error's excuse, we think this ground of the motion should be overruled.

468

■ The second and third grounds of the motion make the contention the second count of the declaration was not disposed of in the trial court and so the order of the lower court is interlocutory and not appealable. T.C.A. sec. 27-305.

These grounds are overruled because in the final judgment plaintiff nonsuited as to Count 2 of her declaration.

In her declaration plaintiff alleged she was employed by defendant, Senators, Inc., as a "hat check girl". That during this time she allowed one Thomas L. Greene, Jr., acting as agent for E. Carleton Scruggs, Jr., and Senators, Inc. to take certain photographs, copies of which were to be delivered to Scruggs individually and as agent for Senators, Inc., on the understanding the photographs would be used only in a bulletin published by Senators, Inc., and distributed to its members. Subsequently, one of the photographs was used for advertisement purposes by Senators, Inc., acting through its agent, Scruggs, by placing an advertisement containing one of the photographs in the Knoxville News Sentinel, published by defendant Knoxville News Sentinel Company, along with this language:

"Hello Sport! Tired of sitting at home looking at Mom all night * * * Live a little * * * let us check your hat as a member of the Senators Club. Membership drive in progress. NO INITIATION FEE. Family Club Membership $40.00 a year. Single Club Membership $25.00 a year. Call 577-5591 for details or better still ask a member. P. S.—Mom—BETTER COME ALONG AND WATCH HIM * * *"

The photograph accompanying the advertisement is not exhibited, nor is it alleged it is immodest, or depicts plaintiff so as to humiliate or embarrass her.

It is then alleged all defendants owed plaintiff the duty to obtain her prior consent to the use of the photograph in this manner; that by its use in this manner she had become the common talk of people in the community; and that it was generally understood in the community that she had for hire permitted her picture to be taken and used as public advertisement, consenting to the language used in the advertisement. That this use of her picture in such a manner in a newspaper of large circulation had caused her great mental pain, humiliation and mortification and tended to expose her to public ridicule and disgrace, for all of which she sued for $75,000.00 damages.

By demurrers the defendants contended that this count of the declaration did not state a cause of action upon which a judgment could be based because the basis of the suit was an invasion of a common law right of privacy and this was not an actionable tort under the laws of Tennessee. And, that facts and circumstances alleged in the declaration divested the picture of any privacy characteristics and in effect amounted to a waiver of privacy and a consent to the publication. These demurrers were sustained and this is assigned as error.

In *Langford v. Vanderbilt University*, 199 Tenn. 389, 401, 287 S.W.2d 32 (1956), this Court, assuming the existence of the common law right of action for invasion of privacy held it had been waived or relinquished. The right of action was defined as "the right to be let alone; the right of a person to be free from unwarranted publicity"; *Holloman v. Life Ins. Co.*, 192 S.C. 454, 7 S.E.2d 169, 127 A.L.R. 110, 112; and *Brents v. Morgan*, 221 Ky. 765, 299 S.W. 967, 55 A.L.R. 964, 968, were cited for specific discussions of the nature of the action. The

question was whether a certain item in the Vanderbilt Hustler, a newspaper edited by students and operated under the direct supervision and control of Vanderbilt University, constituted an invasion of plaintiff's privacy and it was held that since plaintiffs had already published this material by incorporating it in pleadings, filed in the Davidson County Circuit Court, the right of privacy was waived. In conclusion it was said:

"This Court has found no decision which, in its opinion, holds to the contrary. From a practical standpoint, aside from any precedent, it is, this Court thinks, unrealistic and illogical to hold that there has been an invasion of this common law right of privacy of an individual by publishing a matter which that individual had already made a matter of public record available to the eyes, ears and curiosity of all who care to look, listen or read."

As to waiver or relinquishment, Am.Jur. says:

"The right of privacy, like other rights that rest in an individual, may be waived by him. A waiver or relinquishment of this right, or of some aspect thereof, may be implied from the conduct of the parties and the surrounding circumstances. The consent of an individual to the use of his picture and name for advertising purposes constitutes a waiver of his right of privacy to that extent. And one who consents to the use of his name by a corporation for the purposes of trade cannot recover, on the ground of invasion of privacy, on account of such use. Posing for a photograph in a public place may, under some circumstances, constitute a waiver of privacy as regards the publication of the picture in connection with a news item. A previous publication of the matters in question

by the individual himself would seem to preclude him from asserting any right of privacy with respect thereto."

**41 Am. Jur. 937**

Other cases discussing waiver of the right of privacy and conduct estopping its assertion are: *Reed v. Real Detective Publishing Co.,* 63 Ariz. 294, 162 P.2d 133; *Cohen v. Marx,* 94 Cal.App.2d 704, 211 P.2d 320; *Continental Optical Co. v. Reed,* 119 Ind.App. 643, 86 N.E.2d 306, 88 N.E.2d 55, 14 A.L.R.2d 743; *Martin v. F. I. Y. Theatre Co.,* Ohio Com.Pl., 1 Ohio Supp. 19; *Pavesich v. New England L. Ins. Co.,* 122 Ga. 190, 50 S.E. 68, 69 L.R.A. 101, 106 Am.St.Rep. 104, 2 Anno.Cas. 561.

Turning from this discussion to a consideration of the nature of the tort, we think as reasonable a definition as can be given it is to be found in American Law Institute, Restatement of the Law of Torts, sec. 867, p. 398, where it is said:

"A person who unreasonably and seriously interferes with another's interest in not having his affairs known to others or his likeness exhibited to the public is liable to the other."

In Comment d, Conditions of liability, it is said:

"The rule stated in this Section is not dependent upon conduct which, aside from the invasion of privacy, would be tortious, such as trespass to land or chattels, or defamation. Neither does it depend for its validity upon a breach of confidence, nor upon the untruth of the statements. On the other hand, liability exists only if the defendant's conduct was such that he should have realized that it would be offensive to persons of

ordinary sensibilities. It is only where the intrusion has gone beyond the limits of decency that liability accrues.''

\* \* \* \* \* \*

''In determining liability, the knowledge and motives of the defendant, the sex, station in life, previous habits of the plaintiff with reference to publicity, and other similar matters are considered. A distinction can be made in favor of news items and against advertising use. It is only when the defendant should know that the plaintiff would be justified in feeling seriously hurt by the conduct that a cause of action exists.''

■ Since it is clear from the declaration the photographs were taken with plaintiff's consent for publication in a bulletin published by the Senators Club to be distributed to its members, and since it appears from the face of the declaration that this is a public club in the sense that membership therein is open to all who will pay the small amount charged for annual membership, and there is no suggestion the bulletin was exclusively for the eyes of the members, we think the subsequent use by the Senators Club of one of these photographs in an advertisement which depicted plaintiff as a hat check girl, implicitly referring to her as such in the statement, ''Let us check your hat'', was not actionable invasion of plaintiff's privacy. Her prior consent for her photographs to be circulated freely among that segment of the public comprising the membership of the Senators Club, and implicitly to be shown by them to anyone else interested, was a waiver of her right of privacy with respect to these photographs.

■ But when, in addition to this waiver, we search the declaration to see if it makes out a case of an un-

reasonable and serious interference with another's interest in not having his affairs known to others or his likeness exhibited to the public, as required under American Law Institute's restatement of the rule, it simply is not there. Defendant's use of one of the pictures after prior consent to a virtually public exhibition could not be characterized as an unreasonable and serious interference with privacy.

Moreover, bearing in mind the conditions of liability discussed in Comment d: that liability exists only if the conduct is such that a defendant should have realized it would be offensive to persons of ordinary sensibilities; and that it is only where the intrusion has gone beyond the limits of decency that liability accrues, reasonable minds must agree that no such case is made by the declaration.

The assignment of error is overruled and the judgment of the trial court is affirmed with costs.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.

## Opinion on Petition to Rehear

Plaintiff-in-error Joyce Raye Martin has filed a petition to rehear. The petition makes the point that the trial judge sustained the demurrers on the ground the violation of the right of privacy has not been recognized as an actionable tort in Tennessee, while this Court dismissed plaintiff-in-error's appeal on the ground the facts alleged in her declaration would not make an actionable case if this tort were recognized here. It is argued the second ground of the demurrer on which we acted is not before us because the demurrants did not appeal with respect to the second ground.

The ground on which the petition is based is not good and the petition must be denied.

Consideration was given to this point before the opinion was written, and it was decided on the state of the record and on authority that the second ground of the demurrer was before this Court for consideration.

In the first place, the first ground of demurrer of defendant, Knoxville News-Sentinel Company, is broad enough to sustain the opinion of the Court. It is: "That the first count of the declaration fails to state a cause of action upon which a judgment could be based." While this ground may have been subject to attack in the circuit court for its breadth and generality, there was no such attack upon it and so it presented to the trial court and this Court both the question whether invasion of privacy is an actionable tort in Tennessee, and the question whether the declaration alleged facts making an actionable case for such violation.

It is worth mentioning that this construction seems tactily to have been agreed to by the plaintiff-in-error who permitted the defendants-in-error to argue and rely on the no actionable case ground without arguing that it was not before the Court, until done so by the petition to rehear.

██ But we did not rely primarily on this proposition in disposing of the case on the second ground of the demurrer, but upon the general proposition annotated in 2 Tennessee Digest, Appeal and Error, No. 1854, that, where the lower court decides a case correctly, but upon an erroneous theory of law, the Supreme Court will affirm the holding, basing its decision on the correct theory; and that where questions of law, and not fact, are in-

volved, it is not necessary for all parties to appeal in order to invoke the application of the rule.

This practice is not only dictated by good sense, in that it avoids the rather ridiculous result of this Court being of opinion a declaration does not state an actionable case and yet being required to send it back in the face of an unacted upon ground of demurrer which demolishes the case. Moreover, the rule has the support of authority from other jurisdictions. In 5 Am.Jur.2d, Appeal and Error, sec. 723, it is stated:

"The scope of appellate review is generally limited to matters complained of or points raised in the appeal, although the appellate court may sometimes take up points raised in the appeal, although sustain the decision appealed from by any argument for which there is a basis in the record."

Again in sec. 727 of this same work, it is stated:

"According to the essence of its function, an appellate court is concerned with whether the holding, and not whether the reasoning, of the decision appealed from is correct, and generally a correct decision will not be disturbed on appeal because it is based on an incorrect ground, especially where the correct ground was formerly presented to the court below, though not there acted upon."

This last statement is particularly applicable to this case, as the second ground of demurrer was not acted upon by the trial judge, who simply dismissed the case on the first ground of demurrer, leaving the defendants without grounds on which to except and appeal. Now, to send the case back on this petition to rehear in order that

the trial judge might then sustain the second ground of demurrer is uncalled for by any rule of appellate practice recognized in Tennessee.

The petition to rehear is overruled and denied.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.