# FILED

**December 3, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**
**IN THE COURT OF APPEALS OF TENNESSEE**
**AT NASHVILLE**


| | |
|---|---|
| **LORI ANN PARR,** | ) |
| | ) |
| | ) |
| Plaintiff/Appellant, | )  **Rutherford Circuit  No. 39762** |
| | ) |
| **VS.** | ) **Appeal No. M1999-01442-COA-R3-CV** |
| | ) |
| **MIDDLE TENNESSEE STATE** | ) |
| **UNIVERSITY, and** | ) |
| **TREYTON WILLIAMS,** | ) |
| | ) |
| | ) |
| Defendants/Appellees. | ) |


APPEAL FROM THE CIRCUIT COURT OF RUTHERFORD COUNTY
AT MURFREESBORO, TENNESSEE
THE HONORABLE JAMES L. WEATHERFORD, JUDGE


**LORI PARR, pro se**
Murfreesboro, Tennessee


**PAUL G. SUMMERS**
**Attorney General & Reporter**
**MARY M. COLLIER**
**Assistant Attorney General**
**S. ELIZABETH MARTIN**
**Senior Counsel**
Nashville, Tennessee
Attorney for Appellee, Middle Tennessee
State University

**MICHAEL A. MYERS**
Murfreesboro, Tennessee
Attorney for Appellee, Treyton Williams

**AFFIRMED AND REMANDED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**HOLLY KIRBY LILLARD, J.**

Lori Ann Parr, proceeding *pro se*, has appealed the trial court's dismissal of this invasion of privacy, breach of confidentiality, and civil rights intimidation via malicious harassment[1] action that was brought against Middle Tennessee State University (MTSU), Treyton Williams (Williams) and other unnamed individuals. Based upon the following, we affirm the trial court's dismissal.

## Facts and Procedural History

This action, which was originally commenced by Lori Ann Parr (Parr) in March 1998, pertains to the alleged invasion of privacy, breach of confidentiality, and civil rights intimidation via malicious harassment claims asserted against MTSU, Williams, and unnamed defendants.[2] Parr asserts her claim for relief in reliance upon (1) Tennessee Code Annotated sections 39-17-309 and 39-17-313 [repealed]; (2) Tennessee Code Annotated section 4-21-701, (3) United States Constitution and the Tennessee Constitution, and (4) Tennessee common law. Claims for monetary damages are asserted against all defendants. In addition, a claim for the award of Parr's master's degree is asserted against MTSU.

Both Williams and MTSU filed separate Motions to Dismiss based upon sovereign immunity, failure to state a claim upon which relief can be granted, and application of the statute of limitations. Pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure, the trial court sustained both motions on the ground that Parr failed to state a claim upon which relief could be granted.  Thereafter, Parr appealed.  The facts alleged by Parr to support her claim for relief are set forth below.

In 1993, Parr enrolled as a graduate student in the Accounting and Computer Information Systems Department (the "Department") at MTSU. Parr was registered and documented as a disabled student at the MTSU Disability Office and was granted certain accommodations for her disability.[3] These  accommodations included longer periods to take exams and the option of answering test questions orally rather than in writing.  In the fall of 1994, Parr was refused the accommodations by a professor in the Department,  Dr. William Jeffrey Clark.[4]  Following the refusal of accommodation, Parr sent a letter of complaint to the President of MTSU and the campus Disability Office.

After submission of the complaint letter, Parr alleges that she and her husband[5] were repeatedly subjected to willful, malicious, and harassing acts by various members of the Department. For example, Parr was refused the use of equipment needed for a presentation even though she had previously reserved the equipment.  Parr also claims that she was excluded from consideration for a research-assistant job despite her qualifications. Finally, Parr claims she was physically assaulted by Clark while taking an exam.  Parr claims these acts and other similar acts were in retaliation for her letter of complaint regarding the lack of accommodations.

As a result of the alleged acts of harassment, Parr complained to the MTSU administration, the campus Affirmative Action office, and other MTSU officials.  On March

13, 1997, Parr sent a letter, clearly marked CONFIDENTIAL, to the Vice President of Academic Affairs, with a copy to the President of MTSU. The letter concerned some of Parr's complaints regarding her treatment by the Department. Parr later learned that the letter had been viewed by Williams, a fellow graduate student in the Department.[6] Williams also worked as a part-time faculty member in the Department.

Parr contends that Williams, motivated by and acting on behalf of MTSU, called Parr and verbally abused her with threats and intimidation aimed at her career and reputation. Parr claims that the purpose of Williams' call was to dissuade her from taking any legal action against MTSU for the alleged abuse she received in the Department. In response to Williams' phone call, Parr withdrew her plans to file for protection with the courts.

In the months following Williams' phone call, Parr unsuccessfully attempted to complete the remaining course she needed to acquire her master's degree. Parr contends that she has been deprived of her master's degree since the summer of 1996 because of Williams and MTSU.

In March 1998, Parr filed a complaint in the Rutherford County Circuit Court[7] against MTSU, Williams, and other unnamed individuals. Parr's complaint alleged invasion of privacy, breach of confidentiality, and civil rights intimidation via malicious harassment resulting from her administrative complaints at MTSU. The trial court granted the Motions to Dismiss submitted by MTSU and Williams on the ground that Parr failed to state a claim for which relief could be granted. See TENN. R. CIV. P. 12.02(6).

On appeal, Parr argues that the trial court erred in granting Defendants' Motions to Dismiss.[8] In addition, Defendant Williams asserts that both Parr's complaint and appeal are frivolous and asks that he be awarded attorney's fees.

**Analysis**

Before reviewing the trial court's grant of the Defendants' Motions to Dismiss, we find it appropriate to note that Defendants alleged three separate grounds for dismissal. These grounds were sovereign immunity, application of the statute of limitations, and failure to state a claim upon which relief can be granted. The trial court addressed only Parr's failure to state a claim upon which relief can be granted. As a result, our review is limited to this issue.

Under Rule 12.02(6) of the Tennessee Rule of Civil Procedure, a motion to dismiss for failure to state a claim upon which relief can be granted tests only the sufficiency of the complaint, not the strength of plaintiff's proof. Merriman v. Smith, 599 S.W.2d 548, 560 (Tenn. Ct. App. 1979). The basis for the motion is that the allegations contained in the complaint, considered alone and taken as true, are insufficient to state a claim as a matter of law. Shipley v. Knoxville Journal Corp., 670 S.W. 2d 222, 223 (Tenn. Ct. App. 1984). The motion to dismiss should be denied unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Fuerst v. Methodist Hosp. South, 566 S.W.2d 847, 848 (Tenn. 1978).

## I. Invasion of Privacy

Parr asserts invasion of privacy claims against both Defendant MTSU and Defendant Williams. Parr bases these claims on the Constitution of the United States, the Tennessee Constitution, and Tennessee case law. Parr's constitutional claims are without merit because the constitutional right to privacy only protects against governmental intrusions into a citizen's private life. See Davis v. Davis, 842 S.W.2d 588 (Tenn. 1992), cert. denied 113 S.Ct. 1259 (1993); Olmstead v. United States, 277 U.S. 438, 478 (1928).

However, Tennessee courts do recognize a cause of action for invasion of one's privacy by another citizen. Martin v. Senators, Inc., 418 S.W.2d 660, 662 (Tenn. 1967). Parr's complaint failed to specify what form of invasion of privacy she alleges but she appears to be relying on public disclosure of private facts.

In order to prevail on a claim for public disclosure of private facts, plaintiff must show that another person gave publicity to a matter concerning plaintiff's private life. See Beard v. Akzona, Inc., 517 F.Supp. 128, 132 (E.D. Tenn. 1981). The general standard for public disclosure requires that the disclosure be made to more than one person. See Beard at 132. Disclosure to a single individual or to a small group of people, absent breach of contract, trust, or other confidential relationship, will not give rise to liability. In addition, plaintiff must show that the matter disclosed is both highly offensive to a reasonable person and not of legitimate concern to the public.

Parr's claim against MTSU fails to allege facts that support a finding for invasion of privacy by public disclosure of private facts. Parr merely contends that an unknown employee of MTSU showed Parr's letter of March 13, 1997, to Williams. Disclosure to an individual does not meet the general standard we restated in Robinson, and Parr has failed to allege facts indicating a breach of trust, breach of contract, or confidential relationship between herself and the unknown employee of MTSU. In addition, even if Parr can meet the general disclosure standard, the content of the letter did not contain private matters that would be highly offensive to a reasonable person or not of legitimate concern to the public. Parr herself contends that her complaints as specified in the letter were already widely known both within the Department at MTSU and among the general graduate student population.

Parr fails to state an actionable claim for public disclosure of private facts against

Defendant Williams. Parr alleges that Williams was shown the letter, not that Williams himself made any disclosures. There is no allegation that Williams revealed any private information to a third party, only that Williams revealed the information to Parr herself. Parr fails to allege any conduct by Williams that would constitute invasion of privacy by public disclosure of private facts. For these reasons, Williams cannot be liable.

## II. Breach of Confidentiality

Parr also asserts claims for breach of confidentiality against MTSU and Williams. Parr asserts these claims based on Tennessee Code Annotated § 10-7-504[9] which deals with records of students in public educational institutions. Specifically, this section requires that "[i]nformation in such records...shall not be made available to unauthorized personnel of the institution or to the public." Tenn. Code Ann. § 10-7-504 (1996).

Parr alleges that because her letter of March 17, 1997, was marked CONFIDENTIAL, it should be considered a record pursuant to this section and that as such it should not have been revealed to Williams. We are unpersuaded that the letter qualifies as a student record under this section. Even if the letter is considered a student record, Parr does not specifically allege who showed Williams the letter, only that an "unnamed employee" was responsible. Parr does not allege a confidential relationship existed between herself and the unnamed employee. No further facts implicating MTSU for breach of confidentiality are presented. Accordingly, Parr's allegations do not present a viable claim for breach of confidentiality against MTSU.

Parr's breach of confidentiality claim against Williams is not actionable. Parr fails to allege any duty of confidentiality existed between herself and Williams. In addition, none of

Parr's allegations against Williams implicate a breach as defined under Tenn. Code Ann. § 10-7-504. Williams is not accused of sharing any confidential information with unauthorized personnel or the general public. Therefore, Parr cannot prevail against Williams on her breach of confidentiality claim.

### III. Civil Rights Intimidation via Malicious Harassment

Parr asserts a claim for civil rights intimidation via malicious harassment against MTSU and Williams. Parr bases this claim on Tenn. Code Ann. § 4-21-701,[10] which creates a civil cause of action for malicious harassment. Because of the nature of this claim, it is unnecessary to evaluate MTSU and Williams separately. Therefore, the following analysis applies to both Defendants.

In order to evaluate Parr's claim, we must consider the history of this code section. When first enacted in 1990, section 4-21-701 referenced Tenn. Code Ann. § 39-17-313 [repealed],[11] which provided for a criminal cause of action for malicious harassment. In 1991, this reference was changed to another criminal statute, Tenn. Code Ann. § 39-17-309.[12] In 1992, the reference returned to Tenn. Code Ann. § 39-17-313, even though that section had been repealed in 1990. A 1996 amendment to § 4-41-701 deleted the reference to the criminal statues. This amendment did not change the elements of the civil cause of action for malicious harassment, but noted that a criminal cause of action for malicious harassment in no longer available in addition to the civil action.

As a result of the multiple amendments to Tenn. Code Ann. § 4-21-701, there may be "a question as to what section of the Tennessee criminal code provides the underlying framework for a civil cause of action for malicious harassment." Young v. State Farm Mutual Auto Ins., 868 F.Supp. 937, 942 (W.D. Tenn. 1994) (dismissing malicious harassment claim for failure to state a claim under either criminal code provision referenced by Tenn. Code

Ann. § 4-21-701). Similarly, in this case, Parr has failed to state a claim under either Tenn. Code Ann. § 39-17-313 [repealed] or Tenn. Code Ann. § 39-17-309.

Both Tenn. Code Ann. § 39-17-313 [repealed] and Tenn. Code Ann. § 39-17-309 share common language. This language makes the statutes applicable to harassment based on a person's "race, color, religion, ancestry, or national origin." See Tenn. Code Ann. § 39-17-313(a) [repealed]; Tenn. Code Ann. § 39-17-309(a). Parr contends that she was harrassed on the basis of her disability, the accomodation request regarding this disability, and the contents of her letter of March 17, 1997. Parr fails to make any allegations that she was knowingly harassed or intimidated based on her "race, color, religion, ancestry, or national origin." Accordingly, Parr cannot prevail on her claim for civil rights intimidation via malicious harassment against either Defendant.

## IV. Frivolous Appeal

When an appeal has no basis in law or fact it is considered frivolous. See Industrial Dev. Bd. of City of Tullahoma v. Hancock, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Accordingly, Appellees "should not have to bear the expense and vexation" of a frivolous appeal. Davis v. Gulf Ins. Group, 546 S.W.2d 583, 586 (Tenn. 1977); see also Tenn. Code Ann. § 27-1-222.[13]

Under the standard above, Defendant Williams alleges that Parr's appeal is frivolous and devoid of legal merit. Accordingly, Williams requests that we remand this case to the trial court with all costs taxed to Parr. In addition, Williams requests that the trial court determine and fix Williams' expenses, including attorney fees, and that the same be awarded to Williams. Since we agree that Parr's appeal is frivolous, we hereby grant Williams' requests.

## Conclusion

Based upon the foregoing, the trial court's dismissal of Parr's action is hereby affirmed. Costs of this appeal are taxed to Parr, for which execution may issue if necessary. This case is remanded to the trial court for a determination of Defendant Williams' expenses, including attorney fees, incurred as a result of this appeal.


 

_____HIGHERS, J.


CONCUR:


_____
CRAWFORD, P.J., W.S.


_____
LILLARD, J.