### LA JOLLA CASA DE MANANA v. RIDDELL.

No. 13213.

United States District Court S. D. California, Central Division. June 27, 1952.

W. I. Titus, Los Angeles, Cal., Harry B. Jones, Seattle, Wash., for plaintiff.

Walter S. Binns, U. S. Atty., E. H. Mitchell and Edward R. McHale, Asst. U. S. Attys., Eugene Harpole and Frank W. Mahoney, Special Attys., Bureau of Internal Revenue, all of Los Angeles, Cal., for defendant.

BYRNE, District Judge.

This is an action by a taxpayer to recover excise taxes paid to defendant as Collector of Internal Revenue for the Sixth Collection District of California pursuant to the Internal Revenue Code, 26 U.S.C.A. § 1700(e) and 26 U.S.C.A. § 1650.

The material facts out of which this litigation arose were stipulated to by the parties. The plaintiff was engaged in the ownership, conduct and operation of a hotel business situated in La Jolla, California. In connection with this business, plaintiff, during certain periods including those times covered by the assessment of taxes involved herein, maintained accomodations for dancing on the terrace in front of its building, and furnished music in connection therewith. Adjoining said terrace was a bar in and from which refreshments were furnished for a charge which was fixed and uniform with respect to, and based upon, established charges for such refreshments, regardless of whether or not dancing or music was in progress on the terrace. The bar customarily opened at noon in the summer season, and at 4:00 o'clock P.M. in the winter season, and remained open until 2:00 o'clock A.M. The music and dancing, when in progress, customarily began at 9:00 o'clock in the evening and always ended promptly at 12:00 o'clock midnight. The fixed practice and custom of the plaintiff was to charge and collect for all refreshments promptly as served. For any such services rendered during the time of such dancing and music, plaintiff collected from its patrons, and remitted to the Collector of Internal Revenue, the tax imposed by 26 U.S.C.A. § 1700 and 26 U.S.C.A. § 1650. The plaintiff did not collect or pay over any tax based upon any refreshment served after the cessation of such music and dancing (viz. between 12:00 o'clock midnight and 2:00 o'clock A.M.). Some of the patrons to whom refreshment was sold by plaintiff between 12:00 o'clock midnight and 2:00 o'clock A.M. had been present during part of the entertainment period prior to midnight. All sales of refreshment after midnight were treated alike by the plaintiff, whether made to patrons who had been present during any part of the entertainment, or made to patrons who arrived after midnight. Plaintiff never had, and does not now have, any records showing separately the amount of refreshments sold to each class of patrons. Plaintiff voluntarily reported and paid the 20% cabaret tax based only on refreshments sold to patrons between the hours of 9:00 o'clock P.M. and midnight. On June 28, 1949, the Commissioner of Internal Revenue proposed a deficiency in cabaret tax against plaintiff amounting to $947.10, covering the periods from July to October of 1947, July to September of 1948, and January to April of 1949, based on the total refreshment receipts during such period from midnight to 2:00 o'clock A.M. Plaintiff protested such proposed assessment in writing; thereafter, the Commissioner ruled that only one-third of such proposed deficiency should be assessed against plaintiff, on the theory that approximately one-third of the total receipts represented the portion received from patrons *who had been present during some portion of the music and dancing between 9:00 o'clock*

*P.M. and midnight.* Plaintiff paid the tax and filed a claim for refund, a claim which was rejected. This litigation has resulted.

The cause has now been submitted for decision on the question of whether or not the assessment in controversy was properly made under Section 1700(e), supra. The question posed appears to be one of first impression.

Section 1700(e), as amended by section 1650, imposes a tax equivalent to 20 per centum

> "of all amounts paid for admission, refreshment, service, or merchandise, at any * * * cabaret, or other similar place furnishing a public performance for profit, by or for any patron or guest who is entitled to be present during any portion of such performance. The term '* * * cabaret, or other similar place' shall include any * * * public place where music and dancing privileges * * * are afforded the patrons in connection with the serving or selling of food, refreshment, or merchandise.".

It is conceded that the accommodations maintained by plaintiff between 9:00 P.M. and midnight, for music and dancing on the terrace in front of its building, comes within the term, "cabaret or other similar place".

Defendant contends that *all* payments for refreshment by or for *any* patron or guest entitled to be present during *any* portion of such performance means that the basis of tax liability encompasses not only payments made for refreshment served *during* the performance (which plaintiff concedes to be due), but also payments made for refreshment served *after* the performance by any patron *who was present during any portion of the performance.*

The complete impracticability of defendant's theory is demonstrated by a simple illustration: a patron enters plaintiff's establishment at 9:15 o'clock P.M. and buys refreshment for which he pays (including tax); he leaves at 9:30 o'clock P.M. in quest of other entertainment; eventually he returns to plaintiff's hotel at 12:30 o'clock A.M. and consumes refreshment until closing time at 2:00 o'clock A.M. Under defendant's theory of the meaning to be accorded section 1700(e), the amounts paid between 12:30 A.M. and 2:00 A.M. would be taxable. But the court is unable to discern by what magic calculus a taxpayer is to identify *returning* patrons, whose post-midnight purchases would be taxable, from patrons entering plaintiff's establishment for the first time after midnight, as to whose purchases defendant admits no tax liability would accrue under section 1700(e). Defendant has suggested no formula. We must accord Congress sufficient acumen, had they intended such a result as defendant suggests, to have specifically spelled out the formula. Absent this, we must conclude that Congress did not intend to include within its taxing power items of receipt which are not susceptible of even reasonable calculations, let alone accurate ones. This general rule of interpretation of tax statutes is stated by the Supreme Court in Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211:

> "In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen."

With justification, the plaintiff complains that it would be impossible to determine which patrons entering the establishment after midnight had been present during any of the period between 9:00 o'clock and midnight, except by photographing or fingerprinting all of the patrons at the performance and following through by a comparison of such identification with that of purchasers of refreshments after the performance ceased.

If the defendant were to concede that the post-midnight purchases by the patron who is present at the performance from 9:15 P.M. until 9:30 P.M. and returns at 12:30 A.M. are not taxable, there is no logical reason why the post-midnight purchases of the patron who is present at the

performance from 11:45 P.M. until midnight, leaves at 12:15 A.M. and returns at 1:00 A.M., should be taxable merely because he was present when the performance ceased. Nor is there any logical basis for taxing the post-midnight purchases of the patron who entered at 11:45 P.M. and remained continuously until 2:00 A.M. merely because "he did not take a walk".

If we were to distinguish between the patrons who left the performance and returned, and those who attended a portion of the performance and remained (as indicated, there is no sound basis for such distinction), the problem would be even more complex. In addition to the identification question, it would require keeping every patron under direct and continuous surveillance to determine whether or not he had abandoned his attendance and then returned. Would a patron who walked around the block for a "breath of fresh air" and then returned be deemed to have abandoned his attendance? Would a patron who left to "freshen up" and then returned be deemed to have abandoned his attendance? Must the proprietor follow such patrons and keep them under surveillance to determine the extent of the abandonment?

 It is the clear import of the language of the statute that Congress did not intend to reach payments for refreshment served *after* the establishment ceased to be a "cabaret". The regulation imposes a tax on "all amounts paid for * * * refreshment * * * at any * * * cabaret". That plaintiff's establishment ceased to be a "cabaret" at midnight is not open to question. *If it was a "cabaret" between midnight and 2:00 A.M., the tax would be imposed on all payments for refreshment served during those hours regardless of whether or not the patron had been present during any portion of the performance prior to midnight.* Defendant concedes that the establishment was not a "cabaret" between midnight and 2:00 A.M. when *he concedes that no tax is imposed on payments for refreshments served a patron between those hours if the patron was not present during any portion of the performance prior to midnight.*

It is clear that Congress envisioned an essential unity between the service of refreshment and the enjoyment of the entertainment. The reason for this unity is the reason for the tax itself: that the payment for the refreshment should operate to entitle the patron to view the entertainment, or participate in the dancing, as the case may be. If a patron purchased refreshment during the progress of the dancing, he could not avoid the tax by electing to leave without dancing because he was *entitled* to be present during a portion of such performance. But, plainly, payment for refreshment served after the entertainment and dancing has ceased can scarcely entitle the payor "to be present during any portion of such performance".

The assessment in question was erroneous.

Plaintiff is requested to prepare and submit findings in conformity with this memorandum.