**EDDY BROTHERS, INC., Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. 12210.**

United States District Court
W. D. Missouri, W. D.

June 21, 1960.

Harry A. Morris, Sebree, Shook, Hardy & Ottman, Kansas City, Mo., for plaintiff.

Edward L. Scheufler, U. S. Atty., O. J. Taylor, Asst. U. S. Atty., Kansas City, Mo., Charles K. Rice, Asst. Atty. Gen., James P. Garland, Myron C. Baum, Harvey G. Schneider, Attys., Dept. of Justice, Washington, D. C., for defendant.

R. JASPER SMITH, District Judge.

This is an action to recover federal excise taxes, in the form of a cabaret tax, assessed against and paid by plaintiff, for the taxable period November 1, 1950, through December 31, 1954, in the aggregate amount of $22,176.59, with statutory interest thereon from the dates of payment.

The question involved is whether plaintiff was subject to federal excise (cabaret) taxes under the provisions of Section 1700(e) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 1700(e), for the period in question on amounts paid by plaintiff's patrons for food and beverages ordered, served, and paid for prior to the commencement of the entertainment period, where those patrons thereafter remained in plaintiff's establishment for a portion of the entertainment.

The following facts are established by stipulation:

Plaintiff, Eddy Brothers, Inc., operated during the period in question, an establishment consisting of a main dining room, a cocktail lounge and bar, and a package liquor and gift shop separated by walls from the main dining room and cocktail lounge and bar. Entertainment was offered in the dining room and cocktail lounge, Monday through Saturday, between 8:30 p. m. and 1:00 a. m. Food and refreshments were served continu-

ously by plaintiff to its patrons from opening at 11:00 a. m. until closing at 1:30 a. m. A patron who paid his bill before 8:30 p. m. for food and refreshments served prior to 8:30 p. m. was not charged any cabaret tax. If the same patron remained beyond 8:30 p. m. to enjoy the entertainment, he was not charged any cabaret tax on his purchases and payments made prior to 8:30 p. m. A patron remaining beyond 8:30 p. m. was presented a second statement which included a 20% charge for federal excise (cabaret) tax on additional food and drinks ordered after 8:30 p. m., and on a $1 entertainment charge per person. From 8:30 p. m. to closing time, a food menu with a la carte items only was provided plaintiff's patrons from which to order food and refreshments. Prior to 8:30 p. m., plaintiff's menu provided a choice of table d'hote and a la carte items.

Defendant assessed deficiencies for additional excise (cabaret) taxes and interest thereon in the total amount of $22,-176.59. These deficiencies were based upon an ascertainment by the Commissioner of Internal Revenue that the total amount of purchases of food and beverages made by any of plaintiff's patrons who remained for the entertainment period were subject to the tax, notwithstanding that such patrons prior to the entertainment period paid for all food and beverages ordered and served up to the time of payment. Plaintiff protested the deficiency assessment and the protest was disallowed. After payment, plaintiff brought this action.

The first sentence of Section 1700(e) of the Internal Revenue Code of 1939 provides:

"There shall be levied, assessed, collected, and paid * * * (A) tax equivalent to 20 per centum of all amounts paid for admission, refreshment, service, or merchandise, at any roof garden, cabaret, or other similar place furnishing a public performance for profit, by or for any patron or guest *who is entitled to be present during any portion of such performance.*" (Emphasis supplied.)

The issue here presented requires interpretation of the phrase italicized above. Determinations involving factual situations very similar to this one can be found. The most recent case is Bush's, Inc. v. United States, 277 F.2d 780, decided by the 7th Circuit on April 29, 1960. There the ruling of the District Court, 171 F.Supp. 681, was affirmed, wherein it was decided that no tax whatever was due on sales and receipts paid prior to the period of entertainment, even though some of the customers who were present during the pre-entertainment period were also present during the entertainment. It was undisputed by plaintiff that it was subject to the payment of cabaret taxes for sales from midnight to 3:00 a. m. daily, when entertainment was provided. The prices in the rooms of plaintiff's establishment in which entertainment was provided were increased at midnight, but no separate admission charge was imposed. It was held that Congress did not intend to levy the cabaret tax on payment for refreshments served before the establishment assumed the character of a cabaret, i. e., until the entertainment at the particular establishment was begun, and that receipt of payment before the beginning of the entertainment period did not entitle patrons to be present during that entertainment.

Clearly, the patrons of Eddy Brothers, Inc. were not entitled to be present during the entertainment period unless they paid the $1 admission charge imposed at 8:30 p. m.; and it is doubtful that they would have been welcomed unless they ordered refreshments from the more expensive a la carte menu in use after that time.

United States v. Hover, 9 Cir., 268 F.2d 657 and In the Matter of the Alpine Village, 58–2 USTC, Para. 15,182, are cases which developed the reasoning relied on in the Bush case. That reasoning was that: (1) The cabaret tax was intended to be applied only when there was a combination of refreshment and

entertainment; and (2) patrons who pay for refreshments at these establishments prior to the period of entertainment are not entitled to be present at the entertainment, within the meaning of the Statute, where additional charges are imposed at the beginning of the entertainment period. In Riddell v. La Jolla Casa de Manana, 9 Cir., 206 F.2d 925, it was ruled that the cabaret tax did not apply to refreshments purchased by plaintiff's patrons after twelve midnight, the time at which the entertainment ceased. In all the cases, the ground relied on was that Congress envisioned an essential unity between service of refreshment and enjoyment of entertainment, and that it did not intend to reach payments for refreshments served when the establishment was not a cabaret.

The case of Godwin v. Brown, 8 Cir., 249 F.2d 356, relied on by defendant, does not encompass the issue here. There the plaintiff filed a claim for refund on the ground that he had made his computations on the excise (cabaret) tax on gross taxable receipts, which has included a 20% cabaret tax and a 2% State tax for the period of April 30, 1950, to November 1, 1951. The issue was what portion of plaintiff's gross receipts included receipts upon which he had already paid taxes. An instruction was given regarding computation of the amount of the refund due plaintiff for the period in question. That instruction assumes as true the Government's position here, and the question was not challenged in the trial court or on appeal. In short, as pointed out in the Bush case, the parties in Godwin did not raise the question as to whether the cabaret tax applied to amounts paid for refreshments prior to the entertainment by patrons who later stayed for the entertainment.

Rokicki v. United States, D.C.N.D. Ohio, 164 F.Supp. 610, is not dispositive of the question. There, though the entertainment at plaintiff's establishment did not start until 9:15 p. m., plaintiff at 7:30 p. m. imposed an admission charge. It was held that payments for refreshments made by patrons between 7:30 p. m. and 9:15 p. m. were subject to the tax, where those patrons stayed for the entertainment. It should be noted that the Government in the Rokicki case did not contend that those sales made prior to 7:30 p. m. to patrons who might stay to enjoy the entertainment were taxable. In Rokicki it would seem that a patron who entered the plaintiff's establishment after 7:30 p. m. would be entitled to be present during any portion of the entertainment. However, here plaintiff imposed additional charges concomitant with the start of the entertainment and therefore only those patrons who paid such charges would be entitled to stay for the entertainment.

Under the clear weight of authority and reason, plaintiff's position is well taken. Accordingly, plaintiff is entitled to judgment against defendant in the sum of $22,176.59, with statutory interest thereon from dates of payment as provided by law. Judgment will be entered accordingly. It Is So Ordered.