**UNITED STATES of America,
Appellant,**

v.

**EDDY BROTHERS, INC., Appellee.**

No. 16626.

United States Court of Appeals
Eighth Circuit.

June 27, 1961.

Arthur I. Gould, Attorney, Tax Division, Department of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson and Robert N. Anderson, Attorneys, Department of Justice, Washington, D. C., and Edward L. Scheufler, U. S. Atty., Kansas City, Mo., on the brief, for appellant.

Harry A. Morris, Kansas City, Mo., for appellee.

Donald F. Pratt and Dwain M. Ewing, Minneapolis, Minn., amici curiæ in behalf of Minnesota Restaurant Ass'n and Minnesota Hotel & Motor Hotel Ass'n.

Before GARDNER, VOGEL and VAN OOSTERHOUT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an action brought by plaintiff to recover excise tax in the form of cabaret tax assessed against and paid by plaintiff for the period from November 1, 1950, through December 31, 1954, aggregating $22,176.59. Timely claim for refund was filed and denied. Jurisdiction is established. The court entered judgment for plaintiff. (Memorandum opinion is reported at 184 F.Supp. 450.) This appeal followed.

The issue presented is whether plaintiff is subject to cabaret excise tax under § 1700(e), I.R.C.1939, 26 U.S.C.A. § 1700(e), on amounts paid by patrons for food and beverages ordered, served and paid for prior to the commencement of the entertainment period in situations where patrons remain in plaintiff's establishment for a portion of the entertainment.

The facts are stipulated and undisputed. Plaintiff is a corporation. It operates a quality restaurant in Kansas City, Missouri, from 11:00 a. m. to 8:30 p. m., daily except Sundays, serving table d'hote luncheons and dinners, a la carte items and beverages. Prior to 8:30 p. m., no entertainment was provided and it is established that plaintiff did not operate as a cabaret prior to 8:30 p. m.

At 8:30 p. m., plaintiff's establishment acquired a cabaret status. Dancing was then permitted and at 9:00 p. m. a floor

show was provided. The cabaret operation was in effect from 8:30 p. m. until 1:00 a. m.

All patrons, including dinner patrons who remained after 8:30 p. m., and all patrons arriving after 8:30 p. m., were charged an entertainment fee of $1.00 a person and were charged a 20% excise tax upon the admission charge and upon all items served and paid for after 8:30 p. m.[1] After 8:30 p. m. only a la carte items and beverages were served.

During the fifty-month period here involved, the plaintiff collected and timely paid excise tax in the amount of $319,682.52 upon the entertainment fee and items served or paid for during the 8:30 p. m.–1:00 a. m. period, during which it was operating as a cabaret.

The $22,176.59 [2] deficiency here involved is based upon amounts paid by dinner patrons for items ordered, served and paid for before the cabaret operation went into effect at 8:30 p. m. in instances where the dinner patron stayed to view a portion of the entertainment.

The trial court, in a well-considered opinion, held no excise tax was due upon items ordered, served and paid for before plaintiff's cabaret operation went into effect at 8:30 p. m., and awarded plaintiff judgment for the deficiency assessed and collected. In support of its decision the court quotes the pertinent part of § 1700 (e), as follows [184 F.Supp. 451]:

" 'There shall be levied, assessed, collected, and paid * * * (A) tax equivalent to 20 percentum of all amounts paid for admission, refreshment, service, or merchandise, at any roof garden, cabaret, or other similar place furnishing a public performance for profit, by or for any patron or guest *who is entitled to be present during any portion of such performance.'* (Emphasis supplied.)"

and then states:

"The issue here presented requires interpretation of the phrase italicized above. Determinations involving factual situations very similar to this one can be found. The most recent case is Bush's, Inc., v. United States, 277 F.2d 780, decided by the 7th Circuit on April 29, 1960. * * * It was held that Congress did not intend to levy the cabaret tax on payment for refreshments served before the establishment assumed the character of a cabaret, i. e., until the entertainment at the particular establishment was begun, and that receipt of payment before the beginning of the entertainment period did not entitle patrons to be present during that entertainment." 184 F. Supp. 451.

The trial court also cites and discusses United States v. Hover, 9 Cir., 268 F.2d 657; In the Matter of the Alpine Village, 58–2 USTC, ¶ 15,182, and La Jolla Casa de Manana v. Riddell, D.C., 106 F.Supp. 132, affirmed 9 Cir., 206 F.2d 925, in support of its conclusion. The present case is both as to factual and legal issues strikingly similar to Bush's, Inc., v. United States, 7 Cir., 277 F.2d 780. There the 7th Circuit upheld the trial court's determination that Congress, by the statute we are now considering, did not intend to collect a tax upon refreshment served and paid for before the entertainment commenced. In reaching such conclusion, the court gave consideration to the legislative history of the statute, including amendments thereto, and quoted, discussed and cited cases supporting its conclusion. The Bush case, and the authorities upon which it relies, interpreted the cabaret tax statute as im-

1. No claim for tax on items served after the entertainment period ceased at 1:00 a. m. is involved in this case.

2. Taxpayer disputes that it owes this amount even if the Government's theory is correct. Since the trial court found no tax liability on the disputed items, it did not reach this issue.

posing a tax upon refreshments served by establishments operating at times as a restaurant and at times as a cabaret only in situations where there is an essential unity between the sales and the entertainment. The trial court, in summarizing the authorities it cites and relies upon, states:

> "In all the cases, the ground relied on was that Congress envisioned an essential unity between service of refreshment and enjoyment of entertainment, and that it did not intend to reach payments for refreshments served when the establishment was not a cabaret." 184 F.Supp. 452.

The Government relies upon Godwin v. Brown, 8 Cir., 249 F.2d 356, and Rokicki v. United States, D.C.Ohio, 164 F. Supp. 610. The trial court's opinion and Bush's, Inc., adequately demonstrate that neither of the cases relied upon are persuasive in our present situation. The Government's reliance upon the Brown case is misplaced. The instruction in that case which supports the Government's position was not challenged either in the trial court or upon appeal. Hence, this court had no occasion to nor did it actually pass upon the correctness of the law as stated in the unchallenged instruction. See United States v. Hover, 9 Cir., 268 F.2d 657, 662.

Hillcrest Arms Apartments, Inc. v. United States, D.C.Ohio, 176 F.Supp. 740, does not support the Government's position as in that case the court expressly disclaims passing upon the issue we are now considering.

The Government urges Treasury Regulation 43 (1941 Ed.) § 101.13, as amended, supports its construction of the statute. The regulation specifically states "charges collected prior to commencement of a performance are not taxable with respect to such performance if the patron does not remain for any part of the performance." The regulation does not expressly treat the situation where the dinner patron remains for part of the performance.

Revenue Ruling 54–487, 1954–2 Cum. Bull. 376, does support the Government's construction of the excise tax statute.[3]

■ Revenue rulings are entitled to consideration but are accorded less weight than treasury regulations. Farmers Cooperative Co. v. Birmingham, D.C.N.D.Iowa, 86 F.Supp. 201, 229, and cases there cited. The statutes are the primary authority for determining rights and liabilities. A regulation or ruling which creates a rule out of harmony with the statute is a nullity. Manhattan General Equipment Co. v. Commissioner, 297 U.S. 129, 134–135, 56 S.Ct. 397, 80 L.Ed. 528; Northern Natural Gas Co. v. O'Malley, 8 Cir., 277 F.2d 128, 134.

The portion of the ruling relied upon by the Government as set out in footnote 3, under the circumstances here presented, can be given no controlling effect as said ruling is contrary to the statute as interpreted by the courts in the cases heretofore cited and discussed.

■ We have held that with respect to questions affecting the administration of tax laws uniformity among the courts is to be desired. Decisions of courts of appeal are entitled to respect. We are not justified in refusing to follow the decisions of courts of appeal unless convinced that such decisions are erroneous. Birmingham v. Geer, 8 Cir., 185 F.2d 82, 85. We are not so convinced here. On the contrary, we believe the 7th Circuit

---

3. Revenue Ruling 54–487 states in part: "It is held that payments for food, refreshment, service, or merchandise made prior to the beginning of the entertainment in a cabaret, roof garden or other similar place are subject to the cabaret tax imposed by section 1700(e) of the Code, where the patrons or guests by or for whom such amounts are paid remain for any portion of the entertainment afforded. However, the tax does not apply to payments made by or for patrons or guests who leave the establishment prior to the beginning of the entertainment, or who enter and leave during an intermission period, or who enter after the entertainment has ceased."

in Bush's, Inc., properly interpreted the cabaret tax statute.

Upon the factual issue, the court determined:

"Clearly, the patrons of Eddy Brothers, Inc. were not entitled to be present during the entertainment period unless they paid the $1 admission charge imposed at 8:30 p. m.; and it is doubtful that they would have been welcomed unless they ordered refreshments from the more expensive a la carte menu in use after that time." 184 F.Supp. 451.

Such determination is based upon the substantial evidence and is not clearly erroneous. In effect, the plaintiff operated two distinct types of business. From 11:00 a. m. to 8:30 p. m., it operated a high-class restaurant, providing no entertainment. Prior to 8:30 p. m. plaintiff's business did not classify as a cabaret or a business subject to excise tax. All transactions with plaintiff's dinner patrons covering food ordered, served and paid for were completed while plaintiff was operating in its restaurant capacity and before its cabaret status became operative. Moreover, we agree with the trial court that the purchase of a dinner at plaintiff's establishment before it assumed its cabaret status did not under the facts here presented entitle the dinner patron to view the entertainment. Plaintiff's patrons who had consumed and paid for their dinners before plaintiff's establishment commenced its cabaret operation acquired no right by virtue of such patronage to view the entertainment. The dinner patrons had to meet exactly the same requirements as members of the public entering the premises after 8:30 p. m. to entitle them to view the entertainment. All patrons present during the cabaret period were required to pay $1 cover charge and 20% tax upon the cover charge and upon all items served or paid for during the cabaret operation. The Government points to no advantages enjoyed by the dinner patrons over the general public with reference to viewing the entertainment, except the possibility that by retaining their table they could get a better location for viewing the entertainment. Such right would appear not to be substantially greater than that of a patron who obtained a reservation or came early. In any event, the dinner patron's right to remain for the entertainment was conditioned upon his payment of $1 per person cover charge, paying the higher schedule of charges for any items that might be served, and the excise tax on all transactions during the cabaret period.

There is no claim that the taxpayer did not run a bona fide restaurant business nor is it contended that the taxpayer is guilty of engaging in any fraudulent practice with reference to its dual operation of a restaurant and a cabaret.

The Government has failed to demonstrate that the trial court has committed any error in its interpretation of § 1700 (e) or that the trial court's fact findings are not supported by substantial evidence.

The judgment appealed from is affirmed.