**Gerald H. OPPENHEIMER and Virginia B. Oppenheimer, Plaintiffs,**

*v.*

**The UNITED STATES of America, Defendant.**

**Civ. A. No. 13455–4.**

United States District Court
W. D. Missouri, W. D.
May 31, 1963.

Spencer, Fane, Britt & Browne, by Joseph J. Kelly, Jr., and Robert P. Lyons, Kansas City, Mo., for plaintiffs.

F. Russell Millin, U. S. Atty., by Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., for defendant.

BECKER, District Judge.

This is a suit for refund of income taxes. The facts are stipulated as follows:

"1. Plaintiffs are citizens of the United States and residents of Kansas City, Jackson County, Missouri.

"2. During the calendar year 1956, numerous trees and other valuable plantings located on plaintiffs' residential grounds at 3500 Belleview, Kansas City, Missouri, were destroyed by a windstorm. Plaintiffs suffered a $10,300 loss as a result of this damage, which was not compensated for by insurance or otherwise.

"3. A net long-term gain in the amount of $28,533.70 was reported by the plaintiffs in their income tax return for the year 1956 from the sale of a farm at Lathrop, Missouri.

"4. The issue to be decided is: Whether the plaintiffs' 1956 loss in the amount of $10,300 is deductible in full from ordinary income as a casualty loss under Section 165 of the Internal Revenue Code of 1954, or whether such amount should have been included as an offset adjustment in the computation of gain on the sale of a farm under the provisions of Section 1231.

"5. Plaintiffs deducted the amount of $10,300 in computing their 1956 federal income tax liability. The District Director of Internal Revenue at Kansas City, Missouri, disallowed such deduction from ordinary income and asserted, instead, that such loss must be deducted from plaintiffs' capital gains. The said District Director computed plaintiffs' 1956 tax liability on the basis asserted to be correct by him and assessed a deficiency in the amount of $4,064.51 and a penalty thereon in the amount of $50.63.

"6. On July 2, 1959, plaintiffs paid to the District Director of Internal Revenue at Kansas City, Missouri, the aforesaid deficiency and penalty for the year 1956 in the aggregate amount of $4,115.14.

"7. On February 19, 1961, plaintiffs filed with the District Director of Internal Revenue at Kansas City, Missouri, a claim seeking a refund of the full amount of the tax and penalty assessed and paid as aforesaid, with interest, a copy of which claim, marked 'Exhibit 1', is attached to and made a part of plaintiffs' complaint.

"8. This proceeding is commenced more than six months after the date of filing the aforesaid claim for refund by plaintiffs."

Plaintiffs now claim the right to refund of the sum of $4,064.51, the amount of the deficiency assessment paid on July 2, 1959, and interest thereon from the date of payment. All other claims are withdrawn by formal agreement.

The right of plaintiff to recover depends upon the decision on a question of law. The crucial question of law is whether the uncompensated casualty loss resulting from windstorm damage to their residence (a capital asset held longer than six months) is required to be set off (under Section 1231, IRC 1954) against a long term gain from sale of a farm, or whether this loss is deductible as an ordinary loss under Section 165, IRC 1954.

It is conceded by the government that the exact legal question was determined adversely to the government's contention by the Court of Appeals for the Tenth Circuit in Maurer v. United States (C.A. 10) 284 F.2d 122.

Following the Maurer decision the Internal Revenue Service announced that it would not follow that decision, nor would it seek review of that decision by the Supreme Court of the United States.

■ Uniformity of decision and certainty in interpretation is no less desirable in the field of federal taxation than in other fields of national law. Indeed it has been suggested it is more desirable in the field of federal taxation than elsewhere. Birmingham v. Geer (C.A.8) 185 F.2d 82, l. c. 85.

The principle of judicial supremacy in the construction of laws seems to be well established in all fields except administration of federal taxation. No aid or comfort will be given by this Court to those who choose not to accept the result of judicial decision in this field.

■ In any event, unless clearly wrong the Maurer decision should be, and will be followed by this Court under the principles adopted by the Court of Appeals for this Circuit in United States v. Eddy Bros. (C.A.8) 291 F.2d 529, l. c. 531, citing Birmingham v. Geer, supra.

### FINDINGS OF FACT

The facts are found as agreed and stipulated and recited hereinabove.

### CONCLUSIONS OF LAW

Under Title 28 U.S.C.A. § 1346(a) (1), this Court has jurisdiction of this action arising under the Internal Revenue Laws of the United States.

During the year 1956 plaintiffs suffered an uncompensated casualty loss in the amount of $10,300, which loss is deductible in full from ordinary income under Section 165 of the Internal Revenue Code of 1954.

■ The District Director of Internal Revenue at Kansas City, Missouri, erroneously and improperly assessed against and collected from plaintiffs additional Federal income tax in the amount of $4,064.51 for the year 1956, by asserting that said casualty loss was not deductible from ordinary income but must be deducted from plaintiffs' 1956 capital gains.

Plaintiffs are entitled to a refund of Federal income tax for the year 1956 in the amount of $4,064.51.

Plaintiffs shall have judgment against the defendant in the sum of $4,064.51, with interest from April 15, 1957, at the rate of 6% per annum and with the costs and disbursements of this action.

The plaintiff is requested to settle the form of judgment herein on notice within 10 days.