Robert S. and Margaret K. KILLEBREW

v.

UNITED STATES of America.

Civ. No. 4191.

United States District Court
E. D. Tennessee, S. D.

April 2, 1964.

Rehearing Denied June 25, 1964.

Taber, Chambliss, Stophel & Heggie, Chattanooga, Tenn., for plaintiffs.

J. H. Reddy, U. S. Dist. Atty., Chattanooga, Tenn., for defendant.

GRAY, District Judge.

This is an income tax refund case in which the plaintiffs moved for summary judgment December 23, 1963. The defendant filed its response and a cross motion for partial summary judgment January 18, 1964. Each of the motions was accompanied by an affidavit and brief. The plaintiffs filed a reply brief and an additional affidavit January 24, 1964.

Nothing further has been filed, neither side has requested an oral hearing, and the motions are now before the court for disposition.

The plaintiffs summarized their factual contentions succinctly in their original brief as follows:

"The Complainants filed a joint 1960 U. S. Individual Income Tax Return on or before April 15, 1961. The Complainants deducted on the said income tax return a casualty loss in the amount of $3,000.00 as ordinary loss under Section 165, I.R.C.1954. The District Director of Internal Revenue allowed the $3,-000.00 casualty loss as a deduction, but in an audit of the Complainants' 1960 tax return offset it against gains from sale of capital assets held for the production of income rather than allowing it as an ordinary loss. The Complainants also deducted on their 1960 U. S. Individual Income Tax Return depreciation on rental property in the amount of $366.79. The Complainants sold the rental property in 1960 at a gain. The District Director in an audit of the tax return disallowed depreciation claimed on the rental property because said property was sold in the year 1960 at a gain."

This summary is fully supported by the affidavits of Mr. Killebrew and his counsel.

In addition, the plaintiffs, in their reply brief, specifically accepted as a fair presentation of the depreciation deduction issue the following statement from the defendant's brief:

"Taxpayers also deducted on their income tax return depreciation of $366.79 on certain improvements on real estate which they had rented for several years. This real estate was sold at a gain during 1960, the gain attributable to the value of the improvements being in excess of the $366.79 depreciation claimed thereon during 1960. * * *"

The defendant joins the plaintiffs in asserting that a proper factual basis exists for a summary judgment on the depreciation deduction issue, but it contends that no summary judgment may be granted on the casualty loss issue because there is a genuine dispute as to the amount of the loss. It offers no other defense on the casualty loss issue and has submitted no authorities on the merits of that issue.

The affidavits presented by the plaintiffs and the careful avoidance by the defendant's affiant of any direct denial that the amount claimed was allowed in the administrative proceedings provide a basis for doubting if the claimed dispute is genuine. However, this need not be decided for present purposes. Rule 56(c) and (d), Federal Rules of Civil Procedure, specifically contemplate that the court should determine such issues as are properly presented on motion for summary judgment and order such further proceedings as may be necessary to resolve any remaining.

The legal issue of the proper treatment of the casualty loss deduction, whatever its amount, has previously been litigated on precisely analogous facts in at least two reported cases, and both were resolved against the government's position. Maurer v. United States, 284 F.2d 122 (10th Cir. 1960); Oppenheimer v. United States, 220 F.Supp. 194 (D.W.D. Mo.1963). As the court pointed out in Oppenheimer, the departmental refusal to abide by the Maurer decision is no reason for the district courts not to do so. Even if *stare decisis* did not require it to do so, this court would be inclined to adopt the sound reasoning of Chief Judge Murrah in the Maurer opinion in any event. It follows that the plaintiffs were entitled to deduct the amount of their casualty loss from ordinary income under I.R.C. (1954) 165.

The government's position on the depreciation issue is as unassailable as the plaintiffs' position on the casualty loss item. The Sixth Circuit Court of Ap-

peals has already decided the point in the government's favor. Cohn v. United States, 259 F.2d 371 (1958). The plaintiffs seek to distinguish that decision as applicable only to personal property, not to improvements on realty. But there is no indication in any of the authorities called to the court's attention that any such distinction exists. There can be, of course, some difficulty in determining how much of the gain from sale of real estate is applicable to improvements, but no such difficulty appears in this case because the defendant's affiant has sworn that the gain attributable to the improvements was in excess of the depreciation claimed. The plaintiffs' affiants presented nothing to the contrary, and the plaintiffs' brief affirmatively accepted the defendant's factual summary on this point.

The plaintiffs place their principal reliance on S & A Co. v. United States, 218 F.Supp. 677 (D.Minn.1963). That case distinguishes the Cohn case but not on the grounds urged by the plaintiffs or any other grounds applicable to the present situation. It follows that the plaintiffs' motion for summary judgment on this issue should be denied and the defendant's cross motion for partial summary judgment on this issue should be granted.

Counsel will submit within 30 days from the entry of this memorandum an order either (1) directing the entry of an appropriate final judgment in accordance with this memorandum if the parties can agree on the amount of the casualty loss, or (2) directing the entry of a partial summary judgment in accordance with this memorandum and specifying that the case stand for trial limited to the issue of the amount of the casualty loss.

On Motion for Reconsideration

The court entered a memorandum April 2, 1964, ruling, on cross-motions for summary judgment, that the plaintiffs were entitled to claim an uninsured casualty loss against ordinary income under I.R.C. (1954) § 165 rather than against capital gains under I.R.C. (1954) § 1231.

After entry of the memorandum, the defendant filed a motion for reconsideration, for suspension of the last paragraph of the memorandum pending determination of the motion for reconsideration, and for a hearing on the motion.

In support of the motion, the defendant submitted a copy of a memorandum previously submitted on a similar casualty loss issue in another case. The defendant explained that it had not filed a similar brief in this case because of its belief that the existence of a dispute on the amount of the casualty loss foreclosed consideration of the legal issue.

The court is of the opinion that no further hearing is required and that the motion is not well taken.

The only new matter presented in the additional brief consists of an analysis of congressional committee explanations of an exception to § 1231(a) added by the Technical Amendments Act of 1958, Public Law 85–866, 72 Stat. 1606. These explanations appear in Senate Report No. 1983, 85th Cong., 2nd Sess., 1958 U.S. Code Cong. & Adm.News, pp. 4862, 4863, 4992, 4993.

This same legislative history was available at the time of the two decisions on which the court relied in the original memorandum, Maurer v. United States, 284 F.2d 122 (10th Cir. 1960); Oppenheimer v. United States, 220 F.Supp. 194 (D.W.D.Mo.1963).

If this congressional committee language were the only matter to be considered, the government's case would be plausible. However, as indicated in the Maurer case, there is considerably more legislative history behind the two statutes involved than is indicated in the brief comments on this section appearing in the long committee report cited. Furthermore, to accept the construction of the language actually enacted that is urged by the government might well raise serious questions as to congressional power to make the distinctions urged.

Certainly when the most reasonable reading of the language Congress ac-

tually chose to enact into law avoids a Constitutional question, it would be folly for the courts to look outside the statute for evidence indicating a different intent that might pose such a question. See Lynch v. Overholser, 369 U.S. 705, 710–11, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962).

Accordingly, it is ordered that the motion for reconsideration be, and it is hereby, denied, and counsel are directed to submit an order within thirty (30) days of the date of this order in accordance with the last paragraph of the memorandum of April 2, 1964.