**George A. HARRISON, Plaintiff,**

**v.**

**HUMBLE OIL & REFINING COMPANY,**
a corporation, Defendant.

**Civ. A. No. 66-424.**

United States District Court
D. South Carolina,
Greenville Division.

Feb. 2, 1967.

Rhoten Shetley, Greenville, S. C., for plaintiff.

Wyche, Burgees, Freeman & Parham, James M. Shoemaker, Jr., Greenville, S. C., for defendant.

## ORDER

RUSSELL, District Judge.

Plaintiff instituted this action in the Court of Common Pleas of Greenville County to recover damages for an invasion of his right of privacy. The action was duly removed here by the Defendant; and the jurisdiction of this Court is conceded.

The Plaintiff, it appears from the complaint and from the depositions taken, was at the time of the alleged invasion an employee of the Greenville General Hospital. He was indebted to the Defendant on a past-due account though some dispute had arisen about a part of this account. On April 2, 1966, the Defendant's agent, W. N. Hill, telephoned

from Charlotte, North Carolina, to the personnel manager of the Hospital, George M. Harper, Jr. Previously, Mr. Hill had attempted to reach the Plaintiff personally. Failing in this, he called the personnel manager of the Hospital, to whom calls requesting permission to speak to an employee of the hospital while on duty were normally routed. (Page 9, Testimony of George M. Harper, Jr.) It is this single telephone call to the personnel manager of the Hospital on which Plaintiff bases his cause of action and which represents his alleged invasion of his right of privacy.

This telephone conversation, as detailed in the Complaint, involved harsh, and perhaps slanderous, comments by the Defendant about the Plaintiff and concluded with the expressed hope that the Hospital would "discharge Mr. Harrison, if Defendant's wishes were not carried out." The Defendant, however, proceeded to go behind or, as the authorities sometimes express it, to "pierce" these allegations and, by deposition, to ascertain the exact nature of the conversation as contended for by the Plaintiff and his witness.

Mr. Harper, the employer's representative, in his deposition, set forth his version of the conversation with Mr. Hill. He testified that Mr. Hill requested "permission to talk with him (the Plaintiff) on duty", as "it was necessary for him to contact Mr. Harrison to clear up" an "outstanding account." Mr. Harper thereupon communicated with the Plaintiff. He told the Plaintiff, according to his testimony, that "I had a long distance call from a gentleman in Charlotte who wanted to speak to him about a personal matter, and I told him that since it was a personal credit matter that perhaps he would want to take the call in his office."

The Plaintiff's own account of Mr. Harper's report to him on the telephone conversation was that "he (Mr. Harper) told me there was a man from Charlotte from Humble Oil Company on the phone concerning the bill on some credit cards."

By this testimony of the Plaintiff and Mr. Harper, the Plaintiff's right of action must be measured. Such testimony is much weaker than the strong allegations of the complaint. In the testimony, the representative of the defendant did not refer to the Plaintiff as a "cheat" or "no good" nor did he demand that the Hospital discharge the Plaintiff. Plaintiff cannot recover on the allegations of his complaint; his right of action must rest on the factual testimony of himself and Mr. Harper. Unless such testimony, taken, of course, most favorably to the Plaintiff's theory of the case, supports his action, can the Plaintiff prevail in the action.

Defendant asserts that the uncontradicted depositions of the Plaintiff and Mr. Harper (whose testimony, it may be remembered, is the real basis of Plaintiff's action), show there has been no actionable invasion of Plaintiff's right of privacy and moves for summary judgment under Rule 56.

In presenting its motion, Defendant concedes that an unwarranted invasion of the right of privacy will support an action for damages under the law of South Carolina. Such right of action was clearly upheld in Holloman v. Life Ins. Co. of Virginia (1939), 192 S.C. 454, 458, 7 S.E.2d 169, 171, 127 A.L.R. 110, where the Court said, "The right of privacy is one which was not definitely recognized by the law until comparatively recent times. But we find ourselves in agreement with a number of authorities to the effect that the violation of such a right is under certain circumstances a tort which would entitle the injured party to recover damages." To the same effect are Meetze v. Associated Press, 230 S.C. 330, 95 S.E.2d 606; Frith v. Associated Press (D.C.E.D.S.C.) 176 F.Supp. 671 (1959).

This right of privacy has been defined as "the right 'to be let alone'; to determine one's mode of life, whether it shall be a life of publicity or of privacy; and to order one's life and manage one's affairs in a manner that may be most agreeable to him so long as he does not violate the rights of others or

of the public." Housh v. Peth (1956) 165 Ohio St. 35, 133 N.E.2d 340, 343; Holloman v. Life Ins. Co. of Virginia, supra.

■■■ But, as Defendant urges, the right "is not absolute but is qualified by the rights of others." Gouldman-Taber Pontiac v. Zerbst (1957) 213 Ga. 682, 100 S.E.2d 881, 883. Thus, when one accepts credit, he impliedly consents for the creditor to take reasonable steps "to pursue his debtor and persuade payment, although the steps taken may result in actual but not actionable invasion of the debtor's privacy." Cunningham v. Securities Investment Co. of St. Louis (5 Cir., 1960) 278 F.2d 600, 604; Annotation, 14 A.L.R.2d 770. In short, the right of a debtor to privacy is subject to the right of his creditor to take reasonable steps to collect of the debtor.

■■■ It is only when the creditor's actions constitute oppressive treatment of a debtor, including the unreasonable giving of undue publicity to private debts that such actions have been held to be an actionable invasion of a debtor's right of privacy. Cunningham v. Securities Investment Co. of St. Louis, supra; Shorter v. Retail Credit Company (D.C.S.C.) 251 F.Supp. 329, 332 (1966). The mere communication to the debtor's employer of the existence of the debt is not an unreasonable intrusion and will not support an action. Gouldman-Taber Pontiac v. Zerbst, supra; Voneye v. Turner, Ky., 240 S.W.2d 588; Patton v. Jacobs, 118 Ind.App. 358, 78 N.E.2d 789; Lewis v. Physicians & Dentists Credit Bureau, Inc., 27 Wash.2d 267, 177 P.2d 896; McKinzie v. Huckaby, D.C., 112 F.Supp. 642; Housh v. Peth, supra; Hawley v. Professional Credit Bureau, Inc., 345 Mich. 500, 76 N.W.2d 835.

■■■ An employer "is not in a category with the general public which cannot have any legitimate interest in a purely private matter between a creditor and a debtor. * * * In other words an employee has no right of privacy as against his employer in the matter of the debts he owes and a creditor who gives such information to the employer, unaccompanied by slanderous, libelous, defamatory or coercive matter, incurs no liability in so doing." Patton v. Jacobs, supra.

The correct rule is well summarized in Prosser, Law of Torts (3d ed. 1963), 834–5:

"Some limits of this branch of the right of privacy appear to be fairly well marked out. The disclosure of the private facts must be a public disclosure, and not a private one; there must be, in other words, publicity. It is an invasion of his rights to publish in a newspaper that the plaintiff does not pay his debts, or to post a notice to that effect in a window on the public street, or to cry it aloud in the highway, but not to communicate the fact to the plaintiff's employer (citing cases) or to any other individual, or even to a small group, unless there is some breach of contract, trust or confidential relation which will afford an independent basis for relief."

■■■ In the present case, the Defendant-creditor called the employer, stated that there was "an outstanding account" of the Plaintiff-employee "which he was trying to clear up and it was necessary for him to contact Mr. Harrison (the Plaintiff) to clear up" and requested "permission to talk with him (Plaintiff) on duty." There was no statement made by the Defendant in this conversation which reflected in any degree upon the Plaintiff or his character. The limit of Defendant's statement was that Plaintiff owed it a debt (which Plaintiff admitted) and requested permission to speak to Plaintiff while on duty about it. Such action does not represent an unreasonable invasion of the Plaintiff's right of privacy and the motion of the Defendant for summary judgment is accordingly granted.

And, it is so ordered.