Edward R. McELLIGOTT and Esther
McElligott, Plaintiffs,

v.

**UNITED STATES of America,
Defendant.**

Civ. No. A–18–66.

United States District Court
D. Alaska.

Oct. 3, 1967.

W. C. Arnold, Anchorage, Alaska, for
plaintiffs.

Richard L. McVeigh, U. S. Atty.,
Anchorage, Alaska, for defendant.

## MEMORANDUM OPINION

VON DER HEYDT, District Judge.

Plaintiffs bring this action under Section 165(h) of the Internal Revenue Code [1] for a refund of income taxes which they claim were overpaid. For reasons noted hereafter the complaint is dismissed.

Briefly stated, the facts are as follows: As a result of the earthquake of March 27, 1964, plaintiffs suffered an uninsured casualty loss to their residence and personal property. Pursuant to authority granted by the District Director of Internal Revenue at Anchorage, Alaska, plaintiffs timely filed a corrected 1963 return which reported the above casualty loss, claiming that it was a loss deductible from ordinary income under Section 165(c) (3). They elected to treat the loss as a deduction for the taxable year 1963 under Section 165(h). The District Director disallowed the loss, contending that Section 1231 required plaintiffs to offset the loss against certain capital gains. Plaintiffs here seek review of that determination.

Section 1231, as amended,[2] is as follows.

(a) General rule.—If, during the taxable year, the recognized gains on sales or exchanges of property used in the trade or business, plus the recognized gains from the compulsory or involuntary conversion (as a result of destruction in whole or in part, theft or seizure, or an exercise of the power of requisition or condemnation or the threat or imminence thereof) of property used in the trade or business and capital assets held for more than 6 months into other property or money, exceed the recognized losses from such sales, exchanges, and conversions, such gains and losses shall be considered as gains and losses from sales or exchanges of capital assets held for more than 6 months. If such gains do not exceed such losses, such gains and losses shall not be considered as gains and losses from sales or exchanges of capital assets.

\* \* \* \* \* \*

In the case of any property used in the trade or business and of any capital asset held for more than 6 months and held for the production of income,

1. 26 U.S.C. § 165(h) (1964). All statutory sections referred to hereafter will be found in the Internal Revenue Code, 26 U.S.C. § 1 et seq.

2. 26 U.S.C. § 1231, as amended by the Technical Amendments Act of 1958, § 49(a), 72 Stat. 1642.

this subsection shall not apply to any loss, in respect of which the taxpayer is not compensated for by insurance in any amount, arising from fire, storm, shipwreck, or other casualty, or from theft.

Prior to 1958, Section 1231 made no express reference to wholly uninsured casualty losses. In that year Congress considered whether such losses were subject to that section, and amended the section to exclude from the coverage thereof uninsured casualty losses to property used in a trade or business or to capital assets held for the production of income for more than six months. That section is applicable to tax years subsequent to 1957.

Plaintiffs do not contend that the property falls within the exclusionary provisions of Section 1231. They claim that Maurer v. United States [3] and Oppenheimer v. United States [4] stand for the proposition that uninsured casualty losses are not covered by Section 1231. However, both *Maurer* and *Oppenheimer* involved pre-1957 uninsured casualty losses, and are therefore of dubious validity since the explicit amendment of Section 1231. Additionally, it is noted that a principal basis for the *Oppenheimer* decision, which relied heavily on *Maurer*, was the desire for decisional uniformity; "it is more desirable in the field of federal taxation than elsewhere." [5]

Cases which have considered uninsured casualty losses since 1958 have uniformly held that Section 1231 is applicable to such losses. [6] In Morrison v. United States [7] the Court held that the loss sustained by taxpayer to her personal residence resulting from damage caused by an ice storm to trees, shrubbery, and other improvements upon her property could not be deducted as an ordinary loss but must be offset against the gain from the sale of a capital asset held for the production of income. After reviewing the legislative history of the amendment of Section 1231 the Court in Campbell v. Waggoner [8] stated that

"Congress * * * unmistakably showed that it did not wish to exclude from the effect of Section 1231 wholly uncompensated casualty and theft losses on property *not* used in a business or *not* held for the production of income * * *"

The legislative history of the amendment supports this analysis. [9]

Consequently, the Court finds plaintiffs' position that an uninsured casualty

---

3. 284 F.2d 122 (10th Cir. 1960). The Internal Revenue Service promptly announced that it would not follow *Maurer* since it was contrary to Reg. § 1.1231–1 (e). Rev.Rul. 61–54, 1961–1 Cum.Bull. 398. Treasury regulations since 1943 clearly support this position. See T.D. 6394, 1959–2 Cum.Bull. 186; T.D. 6253, 1957–2 Cum.Bull. 547; T.D. 5217, 1943 Cum.Bull. 314.

4. 220 F.Supp. 194 (W.D.Mo.1963).

5. Id. at 196.

6. Campbell v. Waggoner, 370 F.2d 157 (5th Cir. 1966); Chewning v. Commissioner, 44 T.C. 678, aff'd, 363 F.2d 441 (4th Cir.), cert. denied, 385 U.S. 930, 87 S.Ct. 289, 17 L.Ed.2d 212 (1966). There is no decision of the Ninth Circuit directly in point.

7. 355 F.2d 218 (6th Cir.), cert. denied, 384 U.S. 986, 86 S.Ct. 1887, 16 L.Ed.2d 1004 (1966). Two subsequent decisions, by stipulation, follow that decision. Hall v. United States, 18 A.F.T.R.2d 5572 (1966); Killebrew v. United States, 18 A.F.T.R.2d 5572 (1966).

8. 370 F.2d 157, 160 (5th Cir. 1966).

9. See S.Rep. No. 1983, 85th Cong., 2d Sess., pp. 74–75, 203–204 (1958), U.S. Code Cong. & Admin.News 1958, pp. 4791, 4992, which states in part:
   Your committee has provided this section to separate certain uninsured casualty losses from the computation of section 1231 gain or loss, but only with respect to property used in the trade or business and capital assets held for the production of income which have been held for more than 6 months. The amendment applies with respect to, for example, loss incurred as a result of the destruction of a taxpayer's oil tanks which he used for oil storage in his trade or business, but on which he was unable to obtain insurance. On the other hand, the amendment does not apply to loss arising from the destruction or theft of the taxpayer's uninsured personal automobile.

loss may be deducted from ordinary income to be without merit, and the complaint is dismissed.

This Memorandum Opinion will constitute Findings of Fact and Conclusions of Law as provided by Rule 52(a), Federal Rules of Civil Procedure. The United States Attorney may prepare an appropriate judgment form.