Davis LEE, Plaintiff,

v.

The **SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY,** Defendant.

Civ. A. No. 66–829.

United States District Court
D. South Carolina,
Columbia Division.

Dec. 27, 1967.

Davis Lee, Orangeburg, S. C., for plaintiff.

E. W. Mullins, Sr., Nelson, Mullins, Grier & Scarborough, Columbia, S. C., for defendant.

## ORDER

DONALD RUSSELL, District Judge.

■■ This matter comes before me upon defendant's motion for a summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant seeks this summary judgment as to the claim made by plaintiff that the defendant invaded his right of privacy in attempting to collect certain overdue telephone bills. After considering the pleadings in this matter, plaintiff's deposition, the defendant's affidavits, and the plaintiff's affidavit in support of his motion to be allowed to file a supplemental complaint, I am convinced, after considering the entire record in a light most favorable to the plaintiff, there has been no actionable invasion of plaintiff's right of privacy. The record before me clearly shows that the steps taken by the defendant to collect from the plaintiff were reasonable and did not constitute oppressive treatment or unwarranted invasion of plaintiff's rights. This case clearly falls within the rule discussed in my decision in Harrison v. Humble Oil & Refining Co., 264 F.Supp. 89 (D.C.S. C.1967) and, therefore, defendant's motion for a summary judgment as to the cause of action asserted by the plaintiff

for the alleged invasion of his right of privacy is granted. The power to grant a summary judgment is admittedly drastic and never proper where an issue turns on credibility or where there is any genuine issue of fact which would support the plaintiff's cause of action, and it is intended to be and is proper only in those instances where a trial would be useless. As I have already stated, it is my opinion, after considering the entire record in the light most favorable to the plaintiff, that he will be unable to produce any evidence which would even tend to show that defendant has in any way invaded his alleged "right of privacy."

 It is also a general rule that a partial summary judgment should not ordinarily be granted as to a portion of a single claim or cause of action asserted by the plaintiff. In this case, however, I find that there are sufficient allegations in the plaintiff's complaint, taken in connection with his pre-trial deposition, which, if true, would give rise to a cause of action by the plaintiff against the defendant for the alleged wrongful discontinuance of his telephone service in Orangeburg, South Carolina, on or about the date set forth in the complaint. Rule 56(c) and (d), Federal Rules of Civil Procedure, specifically contemplate that the Court should determine such issues as are properly presented on motion for summary judgment and order such further proceedings as may be necessary to resolve any remaining. See Killebrew v. United States, 234 F.Supp. 481 (D.C.E.D.Tenn. 1964).

I am, therefore, granting a partial summary judgment as to the plaintiff's alleged cause of action for invasion of privacy but leaving open for trial his alleged cause of action for the wrongful disconnection or discontinuance of his telephone service in Orangeburg, South Carolina, which he claims to have occurred in September, 1964.

And, it is so ordered.