Harry **HUDSON**, Plaintiff,

v.

**S.D. WARREN CO., et al., Defendant.**

**Civ. No. 84–0278–P.**

United States District Court,
D. Maine.

May 7, 1985.

---

Stephen P. Sunenblick, Sunenblick, Fontaine & Reben, Portland, Me., for plaintiff.

William J. Kayatta, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for S.D. Warren, Malia, Maskewitz, Reiche & Roehner.

Gerald F. Petruccelli, Portland, Me., for Berry, Auger, Snow & Stilphen.

## ORDER ACCEPTING RECOMMENDED DECISION OF THE MAGISTRATE

GENE CARTER, District Judge.

In this case Plaintiff has alleged that he was dismissed from his employment with Defendant company S.D. Warren after Defendant Berry, an undercover agent of the Maine State Police, falsely reported to the company that Plaintiff had both drunk alcohol on the job and offered him a drink. Plaintiff has asserted several federal and pendent state law claims arising from this incident. Defendants moved to dismiss two of the state law claims: Count II, a claim for invasion of privacy, and Count V, a claim for negligent dissemination of confidential police information.

After a hearing, the United States Magistrate recommended that Count V and part of Count II be dismissed. Currently before this Court are Plaintiff's objections to the Magistrate's Recommended Decision.

The complaint asserts that Plaintiff has a privacy interest based upon Maine common law, 16 M.R.S.A. § 614 and 25 M.R.S.A. § 1631.[1] The record reflects, however, as

---

**1.** 25 M.R.S.A. § 1631 provides:

§ 1631. Records confidential

All criminal and administrative records of the State Police and the Bureau of Identification are declared to be confidential, except:

1. Operational reports. Operational reports by the bureau;

2. Activity reports. Activity reports by the bureau;

3. Names. Names of State Police applicants;

4. Promotions. Promotions;

5. Resignations. Resignations;

6. Discharges. Discharges;

7. Retirements. Retirements;

8. Statistical reports. Statistical reports by Bureau of Identification;

9. Accident reports. Accident reports;

10. Further statistical reports. Statistical reports by Division of Traffic Records;

11. Accident information. Accident information on pending cases which would not jeopardize the investigation or prosecution of such cases;

12. Further statistical reports. Statistical reports by Division of Criminal Investigation;

13. Open court information. Information made available in open court;

the Magistrate states, that Plaintiff does not attempt to state a private cause of action under the statutes but rather views the statutes as delineating the common law torts of negligence (Count V) and invasion of privacy (Count II).

In Count II Plaintiff asserts that the disclosure of Plaintiff's alleged drinking on the job by Defendant Berry to Defendant S.D. Warren and to Managers Malia, Maskewitz, Reiche and Roehner is contrary to law because the information, having been obtained in the course of a police investigation, is confidential. Complaint ¶ 41. Plaintiff also alleges that the disclosure of the information to the news media placed Plaintiff in a false light in the public eye. The motion to dismiss was not addressed to the second allegation, and the Magistrate left that part of Count II intact.

■ Under Maine law, to state a privacy claim for public disclosure of private facts Plaintiff must allege that publicity was given to facts about Plaintiff's private life that would be highly offensive to a reasonable person and that are not of legitimate concern to the public. *Nelson v. Maine Times*, 373 A.2d 1221, 1225 (Me.1977). Finding that the complaint did not adequately allege that the disclosures were made to the public or that the facts disclosed were of no legitimate concern to the

public, the Magistrate dismissed this portion of Count II.

■ Plaintiff argues that he has not failed to allege the required elements of a common law claim for public disclosure of private facts because the statutes which he has set forth in the complaint modify the traditional elements of that claim. The Court cannot agree. Having elected not to assert a private right of action under the statutes, Plaintiff may not now equate the common law action with one under the statute. He has cited no Maine authority for the proposition that the statutes modify the elements of the common law claim. In essence, then, it appears that Plaintiff is asking the Court to recognize a new tort for Maine that would parallel a private action for violation of the statutes alleged in the complaint.

The Law Court has recently expressed its reluctance to imply private rights of action under Maine statutes without express signs from the legislature that it intended such an action:

> Indeed, in the past, when the Legislature deemed it essential that a private party have a right of action, it has expressly created one.... Thus, if our Legislature had intended that a private party have a right of action under 26 M.R.S.A.

14. Pending case information. Information on pending cases which would not jeopardize the investigation or prosecution;

15. Further statistical reports. Statistical reports by Division of Special Services on truck weights, public utility enforcement and beano;

16. Audits. Annual audits.

Such records other than the exceptions listed may be subpoenaed by a court of record.
16 M.R.S.A. § 614 is part of Maine's Criminal History Record Information Act, [CHRIA]. It provides in pertinent part:
§ 614. Limitation on dissemination of intelligence and investigative information

1. Limitation on dissemination of intelligence and investigative information. Reports or records in the custody of a local, county or district criminal justice agency or in the custody of the criminal law enforcement units of the Department of Marine Resources or the Department of Inland Fisheries and Wildlife containing intelligence and investigative information shall be confidential and shall not

be disseminated, if public release or inspection of the report or record may:

A. Interfere with law enforcement proceedings;

B. Result in public dissemination of prejudicial information concerning an accused person or concerning the prosecution's evidence that will interfere with the ability of a court to impanel an impartial jury;

C. Result in public dissemination of information about the private life of an individual in which there is no legitimate public interest and which would be offensive to a reasonable person;

D. Disclose the identity of a confidential source;

E. Disclose confidential information furnished only by the confidential source;

F. Disclose investigative techniques and procedures or security plans and procedures not generally known by the general public; or

G. Endanger the life or physical safety of law enforcement personnel.

§ 1051(1)(B) or 26 M.R.S.A. § 630, it would have either expressed its intent in the statutory language or legislative history, or more likely, expressly enacted one.

*Larrabee v. Penobscot Frozen Foods*, 486 A.2d 97, 101 (Me.1984). Since the Law Court is hesitant to imply private rights under statutes, and indeed, there is no assertion that the Maine Legislature intended such a private right under 16 M.R.S.A. § 611 or 25 M.R.S.A. § 1631, this Court should not, and will not, take it upon itself to create for Maine a new tort which would be the equivalent of an action under the statutes. Maine's tort of invasion of privacy is broad and well-defined. *See Nelson v. Maine Times*, 373 A.2d 1221. Without any indication from the Law Court that that law will be modified to meet changing statutory norms, this Court cannot predict that the Maine Court will effect the change in the law which Plaintiff suggests. Therefore, the Magistrate's application of the *Nelson* criteria to the complaint in this case was appropriate.

■ The Magistrate found, and this Court agrees, that the complaint did not adequately allege a public disclosure that Plaintiff had been drinking on the job. The disclosure was made by state police officers to Defendant S.D. Warren and to Defendants Malia, Maskewitz, Reiche and Roehner. The Defendants to whom the information was disclosed are Plaintiff's employers. Although Maine law does not deal specifically with how broad a disclosure must be in order to be public, the Court is confident that this disclosure does not meet that standard. As Dean Prosser has stated:

> The disclosure of the private facts must be a public disclosure, and not a private one; there must be, in other words, publicity. It is an invasion of his rights to publish in a newspaper that the plaintiff does not pay his debts, or to post a notice to that effect in a window on the public street, or to cry it aloud in the highway, but not to communicate the fact to the

plaintiff's employer, or to any other individual, or even to a small group....

W. Prosser, *The Law of Torts* 810 (1971). *See Harrison v. Humble Oil & Refining Co.*, 264 F.Supp. 89 (D.S.C.1967). The disclosure of the alleged information to Plaintiff's employers was a disclosure not to the public but to a small group of persons. Moreover, as the Magistrate also found, the persons to whom the information was disclosed, as Plaintiff's employers, had a legitimate interest in it.

■ The Magistrate also dismissed Count V, in which Plaintiff sets forth a claim for negligent dissemination of confidential police information. Again Plaintiff asserted before the Magistrate, and asserts here, that Count V is a claim based on the common law of negligence rather than on the statute. He states in his memorandum that under Maine law, the police "owe a duty to ordinary private citizens who become the subjects of undercover police surveillance to use reasonable care to maintain the confidentiality of surveillance reports about their noncriminal conduct." Explaining the duty, he further states that "Maine law in negligence and the presence of the two statutory schemes require a determination that the police in Maine have such a duty and that the CHRIA [16 M.R.S.A. § 611–622] and Section 1631 are important evidence of [its] existence." This Court disagrees. The Maine Law Court has clearly expressed itself on the issue of deriving a common law tort duty from the existence of a statute. In *Jones v. Billings*, 289 A.2d 39, 41 (Me.1972), that Court stated:

> This is a penal statute which includes no provision for a civil remedy in event of violation. In the absence of a clear indication of legislative intent to enlarge or extend the duty owned at common law, we have consistently declined to treat a statute or ordinance exclusively penal in nature as having such effect. Such was the import and intended meaning of holdings that violation of a penal statute would not constitute "negligence

per se." … Specifically, this statute in no way enlarges the common law duty owed to trespassers. However, evidence of a violation of the "well" statute, if indeed the condition described in the complaint constitutes a "well" as defined by the statute, might be received as evidence of negligence if it were first shown that the circumstances and the relationship between the defendant and the decedent were such as to impose upon the defendant a duty to exercise care for his safety. That duty is not, however, raised by the statute itself but must be raised independently thereof.

(Citations omitted.) It is apparent, then, that the mere existence of Maine's statutes concerning dissemination of police information does not require the finding of a duty running from police officers to subjects of their surveillance.

Plaintiff has cited no Maine authority recognizing the existence of such a duty within the common law of negligence. In assessing the negligence claim, the Magistrate correctly looked beyond the literal language of the complaint to ascertain the real cause asserted. *See Jimenez-Nieves v. United States*, 682 F.2d 1, 6 (1st Cir.1982). He found that the tort alleged was basically a claim for negligent invasion of privacy and, analogizing from *Jimenez*, that it was no less a claim for invasion of privacy because of the addition of the negligence element. The Magistrate found no indication in Maine law that Maine would recognize a tort of negligent disclosure of confidential police information apart from the tort of invasion of privacy. The Court agrees with this analysis.

Accordingly, the Court accepts the Recommended Decision of the Magistrate. It is hereby ORDERED that Count II be, and is hereby, DISMISSED to the extent that it attempts to state a claim for public disclosure of private facts. It is further ORDERED that Count V be, and is hereby, DISMISSED.

So ORDERED.